UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOWELL SACHNOFF and ADAM R. CHISS, | ) ) ) | |
| Plaintiffs, | ) ) | No.  07 C 6888 |
| v. | ) ) ) | Judge Der-Yeghiayan |
| UNITED STATES DEPARTMENT OF DEFENSE, | ) ) ) | |
| Defendant. | ) | |

## ANSWER

Defendant United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, answers the complaint as follows:

Answering the specific allegations of the complaint, defendant admits, denies, or otherwise avers as follows:

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, seeking an order requiring the Defendant, Department of Defense and its components ("DoD"), to immediately produce records requested by the Plaintiffs.

**Answer:** Admit.

2.     On March 20, 2007, Plaintiff submitted their initial FOIA request ("Request") to the Defendant.  (See Exhibit A)

**Answer:** Admit.

3.     The Request sought records pertaining to men, represented by Plaintiffs and their colleagues on a *pro bono* basis, who are imprisoned at Guantanamo Bay Naval Station by the DoD. *Id.* Specifically, the Request sought "(I) records on how the Detainee Requesters came into the custody of the United States; (ii) records of the Detainee Requesters' treatment since coming into United States custody, including records regarding their mental and physical and mental health; and (iii) records of any administrative, legal, or military proceedings involving either or both Detainee

Requesters, including but not limited to records relating to interrogations and interviews of the Detainee Requesters." (Exhibit A)

**Answer:** As to sentence 1 of paragraph 3, defendant is without knowledge or information as to the allegation that plaintiffs' representation of the detainees in question is on a *pro bono* basis; accordingly, it is denied. As to sentence 2 of paragraph 3, admit.

4. In a letter dated March 28, 2007 and described as an "interim response," Defendant denied the Detainee Requesters' request for expedited processing because it found that there was no "imminent loss of substantial due process rights and humanitarian need" pursuant to 32 C.F.R. § 286.4(d)(3)(iv). (Exhibit B) Defendant also stated that it "will be unable to make a release determination on your request within the twenty-day statutory time period" and it would be "unable to estimate when the processing of this request will be completed." (*Id.*)

**Answer:** Admit.

5. Since the Detainee Requesters' FOIA request was made on March 20, 2007, Defendant has failed to release even a single record to the Plaintiffs.

**Answer:** Admit.

6. To enforce the Plaintiffs' right to gather information on behalf of the Detainee Requesters, who are otherwise without the ability to access public information and have been and continue to be subjected to abusive practices during their ongoing, indefinite, and illegal imprisonment at Guantanamo, Plaintiffs seek an order requiring Defendant to immediately process the FOIA Request and to release all records that have been unlawfully withheld.

**Answer:** Admit that plaintiffs seek an order requiring defendant to immediately process the FOIA Request and to release all records that have been withheld. Deny remaining allegations.

7. This Court has jurisdiction over this action and these parties pursuant to 5 U.S.C.§§ 522(a)(4)(B) and 522(a)(6)(iii).

**Answer:** Admit.

8. Venue lies in this district pursuant to 5 U.S.C.§ 552 (a)(4)(B) and 28 U.S.C. §1391.

**Answer:** Admit.

9. Plaintiffs are attorneys at the law firm of Reed, Smith, Sachnoff & Weaver ("Reed Smith"), located at 10 S. Wacker Drive, Chicago, Illinois. They are each licensed to practice law in the state of Illinois and in this Court, and both reside within this district. Plaintiffs, along with their colleagues at Reed Smith, represent the Detainee Requesters on a *pro bono* basis.

**Answer:** As to sentence 1 of paragraph 9, admit. As to sentence 2 of paragraph 8, defendant is without knowledge or information as to where the plaintiffs are licensed to practice law or reside; accordingly, it is denied. As to sentence 3 of paragraph 9, defendant is without knowledge or information as to the allegation that plaintiffs' representation of the detainees in question is on a *pro bono* basis; accordingly, it is denied.

10. Defendant DoD is a Department of the Executive Branch of the United States Government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). Defendant has held both of the Detainee Requesters in its exclusive custody since early 2002, when they each arrived at Guantanamo.

**Answer:** Admit.

11. One of the Detainee Requesters, Mr. Abu Hijazi, is a Palestinian man from Khan Yunis, Gaza. Mr. Abu Hijazi has been imprisoned without formal charges in Guantanamo since January 2002, where he has endured harsh conditions, endless interrogations, physical and mental abuse, and prolonged isolation.

**Answer:** As to sentence 1 of paragraph 11, admit with exception regarding specific nationality or citizenship of Detainee Abu Hijazi. As to sentence 2 of paragraph 11, deny.

12. Mr. Abu Hijazi has spent several periods of time in the mental health facility in Guantanamo. While in the mental health facility, he has been administered numerous injections and pills against his will, which have made him feel heavily sedated and experience other uncomfortable states of consciousness. He has also been force fed by a nasal-gastric tube inserted against his will during a hunger strike that lasted twenty months in protest of the abusive interrogations he experienced while in the Defendants custody.

**Answer:** Deny.

13. The other Detainee Requester, Mr. Abu Mouhammad, is a Syrian national. Mr. Abu Mouhammad has been imprisoned at Guantanamo since early 2002, where he too has endured harsh conditions, endless interrogations, physical and mental abuse, and prolonged isolation.

**Answer:** As to Sentence 1 of paragraph 13, admit with exception regarding specific nationality or citizenship of Detainee Mouhammad. As to sentence 2 of paragraph 13, admit Detainee Mouhammad has been at Guantanamo since early 2002, deny remaining allegations.

14.  Despite more than five and a half years of internment and interrogation, the Detainee Requestors have not been charged with any offense by the United States nor notified of any pending or contemplated charges.

**Answer:** Deny.

15.  Both Mr. Abu Hijazi and Mr. Mouhammad have challenged the legality of their ongoing executive detention, as well as the illegitimate findings that each is an "enemy combatant," through (I) the filing of petitions for writs of habeas corpus in the United States District Court for the District of Columbia (*Mouhammad et al.* v. *Bush et al.*, D.D. C., No. 05-2386, Dec. 21, 2005, in which Mr. Abu Hijazi and Mr. Mouhammad are both petitioners); and (ii) the filing of petitions with the D.C. Circuit Court of Appeals under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, §§ 1001-1006, 119 Stat. 2680, 2739-45 (enacted Dec. 30, 2005) ("DTA") for immediate release and expedited review of their Combatant Status Review Tribunals ("CSRT") determinations and other relief. (See *Abu Hijazi v. Gates*, D.C. Cir. No. 07-1266, July 9, 2007; *Mouhammad v. Gates*, D.C. Cir. No. 07-1267, July 9, 2007). Mr. Abu Hijazi and Mr. Mouhammad's petitions for habeas corpus and relief under the DTA all remain pending in the courts.

**Answer:** Admit.

16.  In their pending habeas corpus cases, the Detainee Requesters have not received a single document or "factual return" from the government concerning the bases for their imprisonment at Guantanamo. In their DTA cases pending before the D.C. Circuit, the only documents the Detainee Requesters have received from the government are brief, unclassified portions of their Combatant Status Review Tribunal proceedings - documents which were already made publicly available as a result of FOIA litigation filed by the Associated Press. Notwithstanding the court orders entered by the D.C. Circuit that the government must file and make available to Plaintiffs a <u>complete</u> record record of the Detainee Requestors' CSRT proceedings, including any classified documents, the government has failed to do so, even though Plaintiffs have secret security clearances and are cleared to access classified information.

**Answer:** Deny.

17.  Pursuant to the Freedom of Information Act, on March 20, 2007, Plaintiffs submitted a written request, by overnight delivery, to the DoD Office of Freedom of Information seeking: all records regarding the capture and transport of the Detainee Requesters (*See* FOIA Request, Reqs. No. 1 and 2, Ex. A); records of communications with, interrogations, and interviews of the Detainee Requesters prior to their transfer to the U.S. Government (*Id.*, Req. 3); records of any witness communications about the Detainee Requesters (*Id.*, Req. 4); records of communications between the U.S. Government and any foreign government concerning the Detainee Requesters (*Id.*, Req.4); records of communications between the U.S. Government and any foreign government concerning the Detainee Requesters (*Id.* Req. 5); records concerning all administrative, military or other proceedings conducted regarding the Detainee Requesters (*Id.*, Req. 6); records indicating that either of the Detainee Requesters has been adjudicated not to be an "enemy combatant" (*Id.* Req. 7); records indicating that either of the Detainee Requesters has been cleared for release or transfer (*Id.* Req. 8); records containing any evidence or assertion that the Detainee Requesters are not affiliated

with any entity alleged to be a terrorist organization (*Id.* Req. 9); records concerning any physical or psychological abuse of the Detainee Requestors while in U.S. custody (*Id.* Req. 10); medical records concerning the Detainee Requesters (*Id*. Req. 11); records or interviews with or interrogations of the Detainee Requesters (*Id*. Req. 12); records concerning access or attempted access to the Detainee Requesters by the Red Cross, or other non-governmental organizations (*Id.* Reqs. 13, 14); records concerning any contact or interaction between military personnel or special forces units and the Detainee Requesters (*Id.* Req. 15); records concerning any disciplinary action taken against Guantanamo personnel in connection with the Detainee Requesters (*Id.* Req. 16); records concerning information relating to the Detainee Requesters supplied by the military or any intelligence officers (*Id.* Reqs. 17, 18); and records containing statements made by other detainees or terrorists suspects in relation to the Detainee Requesters (*Id*. Req. 19).

**Answer:** Admit.

18.    Plaintiffs' FOIA Request sought expedited processing pursuant to 32 C.F.R. § 286.4(d)(3)(iv), which is warranted when there is an "imminent loss of substantial due process rights." Plaintiffs' FOIA Request noted that the denial of Detainee Requestors' substantial due process rights was "not only imminent" but also present and ongoing" in light of their five-year detention at Guantanamo without any formal charges, "during which time they had been subjected to solitary and isolated confinement, interrogations, and degrading physical and psychological treatment." (See FOIA Request, Ex. A.)

**Answer:** Admit.

19.    By letter dated March 28, 2007, from Will Kammer, Chief, Office of Freedom of Information and Security Review, DoD, Defense Pentagon, Washington, DC 20301-1155, Defendant informed Plaintiffs that DoD received the FOIA Request but that DoD was denying Plaintiffs' request for expedited processing. The letter, described as an "interim response," did not estimate when the processing of the FOIA Request would be complete due to the "complex" nature of it. (See Ex. B).

**Answer:** Admit.

20.    By letter dated May 8, 2007, from Phyllis D. Holden, Command FOIA Program Officer, U.S. Special Operations Command, MacDill Air Force Base, Florida ("USSOCOM"), a component of DoD, Defendant informed Plaintiffs that it had received the FOIA Request as a "referral from the Department of Defense Office of Freedom of Information for all information on the Detainee Requesters." (See Exhibit C). The letter did not estimate when USSOCOM's processing of the FOIA Request would be complete but stated that "it is likely that processing your request will exceed the statutory 20-working day time limit." (*Id.*).

**Answer:** Admit.

21.    Plaintiffs have not received any further communications from USSOCOM since May 8, 2007.

**Answer:** Admit.

22. Since the submittal of Plaintiffs' FOIA Request on March 18, 2007, Plaintiff Chiss has had several phone conversations with DoD FOIA "action officers" Aaron Graves and Jeannie Miller to inquire as to the status of the FOIA Request. In these telephone conversations, neither Mr. Graves nor Ms. Miller has ever been able to provide an estimate for when DoD's production of any responsive documents. In each of these telephone conversations, Mr. Chiss advised that Plaintiffs would be willing to accept documents on a rolling basis, though none have ever been produced.

**Answer:** Admit.

23. On or about June 11, 2007, Plaintiff Chiss transmitted to FOIA action officer Ms. Miller a signed authorization from Mr. Abu-Hijazi for the release of his medical records. No medical records for either of the Detainee Requesters have ever been produced.

**Answer:** Admit.

24. Plaintiff Chiss spoke with Ms. Miller by telephone on or about August 15, 2007 to follow-up yet again on the status of the FOIA Request. During that conversation, Mr. Chiss reminded Ms. Miller that Plaintiffs' FOIA Request had been pending, at that point, for nearly six months and that Plaintiffs' had submitted Mr. Abu-Hijazi's medical records release nearly two months earlier. Ms. Miller advised Mr. Chiss that the FOIA Request was "in the queue" and that the request was "being processed," but that other requests were ahead of it. Ms. Miller advised Mr. Chiss that she "couldn't promise that you'll get the documents anytime soon." When Mr. Chiss advised Ms. Miller that this was unacceptable, and Plaintiffs may be forced to file a lawsuit, Ms. Miller said she "understood" and "would probably do the same thing" if she was in Plaintiffs' position. Mr. Graves made similar comments to Mr. Chiss on May 29, 2007, when he advised that filing suit might result in a faster determination from DoD than just waiting for the processing of the Request.

**Answer:** Admit.

25. Since Plaintiff Chiss' conversation with Mrs. Miller on August 15, 2007, Plaintiffs have received no further information from Defendant or any of its component agencies regarding the FOIA Request.

**Answer:** Deny.

26. As of the date of this Complaint, Defendant has still not provided an initial determination as to Plaintiffs' Request, which was made more than eight and a half months ago.

**Answer:** Admit.

27. As of the date of this Complaint, Defendant has neither requested from Plaintiffs any extension of time nor indicated an anticipated date for a substantive response to Plaintiffs' FOIA Request.

**Answer:** Admit.

28.     As of the date of this Complaint, Defendant has produced no documents pursuant to Plaintiffs' FOIA Request.

**Answer:** Admit.

29.     By failing to respond substantively to any of Plaintiffs' requests within the statutory twenty-day period, Defendant has constructively denied those requests.

**Answer:** Deny.

30.     Based on Defendant's delay in responding to Plaintiffs' FOIA Request, and its failure to provide updates to the Plaintiffs, it would be futile for Plaintiffs to file administrative appeals or to wait additional time to receive a substantive response from Defendant.

**Answer:** Deny.

31.     Defendant has wrongfully withheld the requested records from Plaintiffs.

**Answer:** Deny.

32.     Plaintiffs incorporate the allegations set forth in paragraphs 1 through 30 as set forth fully herein.

**Answer:** Defendant repeats and incorporates by reference its responses to paragraphs 1 through 30 of the complaint.

33.     Because Defendant has failed to provide an initial determination within the applicable time limit, Plaintiffs are deemed to have exhausted their administrative remedies pursuant to 5 U.S.C. § 552 (a)(6)(C)(I).

**Answer:** Deny.

34.     Pursuant to 5 U.S.C.§ 552 (a)(3), Plaintiffs have a right of access to the information and documents requested in their FOIA Request.

**Answer:** Deny.

35.     Defendant has no legal basis for refusing to disclose this information and these documents to Plaintiffs. Defendant has unlawfully withheld the records requested by Plaintiffs.

**Answer:** Deny.

WHEREFORE, the United States requests that the case be dismissed with costs and that the

court award such further relief as may be appropriate.

                Respectfully submitted,

                PATRICK J. FITZGERALD
                United States Attorney

                By:  s/ Harpreet K. Chahal
                     HARPREET K. CHAHAL
                     Assistant United States Attorney
                     219 South Dearborn Street
                     Chicago, Illinois 60604
                     (312) 353-1996
                     harpreet.chahal@usdoj.gov

Dated: February 5, 2008

Case 1:07-cv-06888    Document 19    Filed 02/05/2008    Page 9 of 10