IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOWELL SACHNOFF and<br>ADAM R. CHISS,<br><br>On behalf of Guantánamo Bay prisoners<br>Walid Ibrahim Mustafa Abu Hijazi<br>and Maasoum Abdah Mouhammad,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>DEFENSE,<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 07 C 6888<br><br>Judge Der-Yeghiayan |

## PLAINTIFFS' MOTION FOR REASSIGNMENT BASED ON RELATEDNESS

Plaintiffs Lowell Sachnoff and Adam R. Chiss (collectively "Plaintiffs"), by their attorneys Reed Smith Sachnoff & Weaver, respectfully moves this Court, pursuant to Local Rule 40.4, for an order reassigning this case to its docket based on its relatedness to the following case before the Court: *Patricia Bronte and Wade Thomson v. United States Department of Defense*, Case No. 07 C 3114, which was originally filed in this District on June 4, 2007. In support of this motion, Plaintiffs state as follows:

### The Jenner & Block Action

1.  On June 4, 2007, Patricia Bronte and Wade Thomson, attorneys with the law firm of Jenner & Block LLP, filed a Freedom of Information Act (FOIA) complaint against the United States Department of Defense seeking records pertaining to ten clients detained at Guantanamo Bay Naval Station ("Guantanamo") whom Jenner & Block represents on a *pro bono* basis ("the Jenner & Block Action"). The Jenner & Block Action, styled *Patricia Bronte and Wade Thomson v. United States Department of Defense*, No. 07 C 3114, is pending before

this Court. A copy of the complaint in the Jenner & Block Action, without voluminous exhibits, is attached at Exhibit 1.

### The Sachnoff Action

2. On December 7, 2007, Plaintiffs Lowell Sachnoff and Adam R. Chiss, attorneys with the law firm Reed Smith Sachnoff & Weaver, filed a Freedom of Information Act (FOIA) complaint against the United States Department of Defense seeking records pertaining to two clients detained at Guantanamo whom the firm represents on a *pro bono* basis ("the Sachnoff Action.") The Sachnoff Action is pending before Judge Der-Yeghiayan. A copy of the complaint filed in the Sachnoff Action, without exhibits, is attached at Exhibit 2.

### The Jenner and Sachnoff Actions Are Related Under Local Rule 40.4(a)

3. Under Local Rule 40.4(a), two or more civil cases are considered related if: (1) the cases involve the same property, (2) the cases involve some of the same issues of fact or law, or (3) the cases grow out of the same transaction or occurrence. L.R. 40.4(a). Only one of the above conditions must be met to satisfy Local Rule 40.4(a). *Williams v. Walsh Construction*, No. 05 C 6807, 2007 WL 178309, at *1 (N.D. Ill. Jan. 16, 2007) (Darrah, J.)

4. The decision of whether to grant or deny a motion for reassignment based on relatedness rests within the sound discretion of the court to which the motion is presented. *River Village West, LLC v. Peoples Gas Light & Coke Co.*, No. 05 C 2103, 2007 WL 541948 (N.D. Ill. Feb. 14, 2007) (Andersen J.).

5. The Jenner Action and the Sachnoff Action satisfy Local Rule 40.4(a)(2) because they both involve many of the same core issues of fact or law. Both are FOIA actions challenging the Department of Defense's failure to turn over requested documents responsive to

FOIA requests submitted in early 2007 by *pro bono* attorneys on behalf of their clients, prisoners at Guantanamo. (Jenner Complaint, ¶ 1, 3, 8 24; Sachnoff Complaint, ¶¶ 1, 2, 9, 17.)

6. Similarly, the Jenner and Sachnoff Actions satisfy L.R. 40.4(a)(2) because the FOIA requests at issue in both cases seek records pertaining to the ongoing imprisonment of the detainee requestors, including records of any administrative, legal, or military proceedings at Guantanamo involving the detainee requestors. (Jenner Complaint ¶¶ 3, 22; Sachnoff Complaint, ¶¶ 3, 17.) Further, both cases arise out of the Department of Defense's unlawful failure to provide (i) an initial determination to Plaintiffs within the applicable time limits under 5 U.S.C. § 552(a)(6)(A)(i) of FOIA (Jenner Complaint, ¶¶ 5, 42, 45, 49; Sachnoff Complaint, ¶¶ 26, 33), or (ii) an estimate of when responsive documents would be produced. (Jenner Complaint ¶¶ 43; Sachnoff Complaint ¶¶ 4, 22, 27.)

7. Both actions also share the common feature that prior to filing suit, plaintiffs in each case did not receive a single document from the Department of Defense responsive to their FOIA requests. (Jenner Complaint ¶¶ 44, 47, 51; Sachnoff Complaint ¶¶ 5, 28, 35.) Lastly, both actions center on the common legal issue of whether Defendant's eventual claimed exemptions, withholdings and/or redactions of requested documents are proper under FOIA. Defendant will likely redact or withhold many of the same categories of documents in both the Jenner and Sachnoff Action, and the Court will rule on whether those redactions and/or withholdings are proper under applicable FOIA exemptions.

### The Two Actions Also Meet the Criteria For Transfer Under L.R. 40.4(b)

8. Local Rule 40.4(b) sets forth additional criteria that must be met in order for reassignment. The rule provides:

>A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:
>
>>(1)   both cases are pending in this Court;
>>
>>(2)   the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;
>>
>>(3)   the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and
>>
>>(4)   the cases are susceptible of disposition in a single proceeding.

LR 40.4(b).

9.   In addition to satisfying the relatedness criteria of Local Rule 40.4(a), the criteria for reassignment set forth in Local Rule 40.4(b) are met here as well.

10.   First, both cases are pending in this District.  L.R. 40.4(b)(1).

11.   Second, the handling of both cases by this Court will very likely result in a substantial saving of judicial time and effort as the Court already is, or will soon be, knowledgeable of a number of the factual and legal issues in the Jenner Action that will also arise in the Sachnoff Action. L.R. 40.4(b)(2). Specifically, the Court will be ruling on a number of threshold issues in the Jenner Action concerning the propriety of certain redactions and/or claimed exemptions under FOIA, which should apply with equal force to similar categories of documents at issue in the Sachnoff Action.  This Court can manage and coordinate these efforts more efficiently than two judges working independently of each other. This coordination will almost certainly result in a substantial saving of judicial time.

12.   Third, the reassignment of the Sachnoff Action will not delay the proceeding of the Jenner Action because the Jenner Action is in relatively early stages, and any ruling in the Jenner Action on the issues overlapping both actions should equally apply to the Sachnoff

- 5 -

Action. L.R. 40.4(b)(3). Defendant has filed answers in both actions, but no other motions of any kind have been filed in either case. In sum, the Jenner Action has not progressed to a point where reassignment of the Sachnoff Action would delay the Jenner Action.

13. Lastly, the Jenner Action and the Sachnoff Action are susceptible of disposition in a single proceeding, particularly in light of the substantial factual and legal overlap relating to the propriety of Defendant's eventual redactions, withholdings, and/or exemptions under FOIA. L.R. 40.4(b)(4).

14. Plaintiffs in the Sachnoff Action have consulted with plaintiffs in the Jenner Action about this motion, and they have no objection to the Sachnoff Action being transferred to this Court for its relatedness to the Jenner Action.

15. The above description of the two actions complies with the requirements of Local Rule 40.4(c).

WHEREFORE, Plaintiffs Lowell Sachnoff and Adam R. Chiss respectfully request that the Court grant their motion for reassignment of the Sachnoff Action based on its relatedness to the Jenner Action; enter an order reassigning the Sachnoff Action, Case No. 07 C 6888, to this Court and setting it for status within 30 days; and granting such other further relief it deems just and appropriate.

Dated: February 13, 2008

    Respectfully submitted,

    **LOWELL SACHNOFF and ADAM R. CHISS,**
    *Plaintiffs*

    By: /s/ Adam R. Chiss
        One of the Plaintiffs

Lowell Sachnoff
Matthew J. O'Hara
Adam R. Chiss
Brian C. Lewis
REED SMITH LLP
10 S. Wacker Drive
Chicago, IL 60606
312-207-1000

## CERTIFICATE OF SERVICE

  I, Adam R. Chiss, state that on February 13, 2008, I electronically filed the foregoing **Plaintiff's Motion for Reassignment Based on Relatedness** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Harpreet K. Chahal
Assistant United States Attorney
219 South Dearborn Street
Suite 500
Chicago, IL 60604
harpreet.chahal@usdoj.gov

**Counsel for Defendant**