# EXHIBIT B



FILED
**DECEMBER 6, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LOWELL SACHNOFF** and **ADAM R. CHISS,** <br><br> On behalf of Guantánamo Bay prisoners Walid Ibrahim Mustafa Abu Hijazi and Maasoum Abdah Mouhammad, <br><br> *Plaintiffs*, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF DEFENSE,** <br><br> *Defendant*. | Case No. <br><br> **07 C 6888** <br><br> **JUDGE DER-YEGHIAYAN** <br> **MAGISTRATE JUDGE DENLOW** |

## COMPLAINT

Plaintiffs Lowell Sachnoff and Adam R. Chiss (collectively "Plaintiffs"), by their attorneys Reed Smith Sachnoff & Weaver, for their Complaint against the United States Department of Defense, state as follows:

### Introduction

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522 *et seq.*, seeking an order requiring the Defendant, the United States Department of Defense ("DOD" or "Defendant") and its components, to immediately produce agency records requested by the Plaintiff.

2. On March 20, 2007, Plaintiffs submitted a FOIA request to the Department of Defense ("the FOIA Request"). (See FOIA Request, Mar. 20, 2007, Exhibit A.) The FOIA Request was submitted on behalf of two men imprisoned at the United States Naval Station, Guantánamo Bay, Cuba ("Guantánamo"): Walid Ibrahim Mustafa Abu Hijazi (ISN 049) ("Mr.

Abu Hijazi") and Maasoum Abdah Mouhammad (ISN 300) ("Mr. Mouhammad") (collectively, "the Detainee Requestors").

3. The FOIA Request sought records pertaining to the ongoing imprisonment, without formal charges, of the Detainee Requestors, who are represented by Plaintiffs and their law firm on a *pro bono* basis. Specifically, among other requests, the FOIA Request sought: (i) records of how the Detainee Requestors came into the custody of the United States; (ii) records of the Detainee Requestors' treatment since coming into U.S. custody, including records regarding their mental and physical health; and (iii) records of any administrative, legal, or military proceedings involving either or both of the Detainee Requestors, including but not limited to records relating to interrogations and interviews of the Detainee Requestors..

4. In a letter dated March 28, 2007 and described as an "interim response," Defendant denied the Detainee Requestors' request for expedited processing because it found that there was no "imminent loss of substantial due process rights and humanitarian need" pursuant to 32 C.F.R. § 286.4(d)(3)(iv). (See DOD Interim Response, Mar. 28, 2007, Exhibit B.) Defendant also stated that it "will be unable to make a release determination on your request within the twenty-day statutory time period" and it would be "unable to estimate when the processing of this request will be completed." (Id.)

5. Since the Detainee Requestors' FOAI Request was made on March 20, 2007, Defendant has failed to release even a <u>single</u> record to the Plaintiffs.

6. To enforce Plaintiffs' right to gather information on behalf of the Detainee Requestors, who are otherwise without the ability to access public information and have been and continue to be subjected to abusive practices during their ongoing, indefinite, and illegal

imprisonment at Guantánamo, Plaintiffs seek an order requiring Defendant to immediately process the FOIA Request and to release all records that have been unlawfully withheld.

## Jurisdiction and Venue

7. This Court has jurisdiction over this action and these parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 552(a)(6)(E)(iii). This Court also has jurisdiction over this action pursuant to 5 U.S.C. §§ 701-06 and 28 U.S.C. § 1331.

8. Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## Parties

9. Plaintiffs are attorneys at the law firm of Reed Smith Sachnoff & Weaver ("Reed Smith"), located at 10 S. Wacker Drive, Chicago, Illinois. They are each licensed to practice law in the State of Illinois and in this Court, and both reside within this judicial district. Plaintiffs, along with their colleagues at Reed Smith, represent the Detainee Requestors on a *pro bono* basis.

10. Defendant DOD is a Department of the Executive Branch of the United States Government, and is an agency within the meaning of 5 U.S.C. § 552(f)(1). Defendant has held both of the Detainee Requestors in its exclusive custody since early 2002, when they each arrived at Guantánamo.

## Facts Giving Rise to Plaintiffs' Claims

11. One of the Detainee Requestors, Mr. Abu Hijazi, is a Palestinian man from Khan Yunis, Gaza. Mr. Abu Hijazi has been imprisoned without formal charges in Guantánamo since January 2002, where he has endured harsh conditions, endless interrogations, physical and mental abuse, and prolonged isolation.

12. Mr. Abu Hijazi has spent several periods of time in the mental health facility in Guantánamo. While in the mental health facility, he has been administered numerous injections and pills against his will, which have made him feel heavily sedated and experience other uncomfortable states of consciousness. He has also been force-fed by a nasal-gastric tube inserted against his will during a hunger strike that lasted twenty months in protest of the abusive interrogations he experienced while in the Defendant's custody.

13. The other Detainee Requestor, Mr. Mouhammad, is a Syrian national. Mr. Mouhammad has been imprisoned at Guantánamo since early 2002, where he too has endured harsh conditions, endless interrogations, physical and mental abuse, and prolonged isolation.

14. Despite more than five and a half years of internment and interrogation, the Detainee Requestors have not been charged with any offense by the United States nor notified of any pending or contemplated charges.

15. Both Mr. Abu Hijzai and Mr. Mouhammad have challenged the legality of their ongoing executive detention, as well as the illegitimate findings that each is an "enemy combatant," through (i) the filing of petitions for writs of *habeas corpus* in the United States District Court for the District of Columbia (Mohammon et al. v. Bush et al., D.D.C., No. 05-2386, Dec. 21, 2005, in which Mr. Abu Hijazi and Mr. Mouhammad are both petitioners); and (ii) the filing of petitions with the D.C. Circuit Court of Appeals under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, §§ 1001-1006, 119 Stat. 2680, 2739-45 (enacted Dec. 30, 2005) ("DTA") for immediate release and expedited review of their Combatant Status Review Tribunal ("CSRT") determinations and for other relief. (See Abu Hijazi v. Gates, D.C. Cir., No. 07-1266, July 9, 2007; Mouhammad v. Gates, D.C. Cir., No. 07-1267, July 9, 2007). Mr. Abu-

- 4 -

Hijazi's and Mr. Mouhammad's petitions for *habeas corpus* and for relief under the DTA all remain pending in the courts.

16. In their pending *habeas corpus* cases, the Detainee Requestors have not received a single document or "factual return" from the government concerning the bases for their imprisonment at Guantánamo. In their DTA cases pending before the D.C. Circuit, the only documents the Detainee Requestors have received from the government are brief, unclassified portions of their Combatant Status Review Tribunal proceedings – documents which were already made publicly available as a result of FOIA litigation filed by the Associated Press. Notwithstanding court orders entered by the D.C. Circuit that the government must file and make available to Plaintiffs a <u>complete</u> record of the Detainee Requestors' CSRT proceedings, including any classified documents, the government has failed to do so, even though Plaintiffs have Secret security clearances and are cleared to access classified information.

17. Pursuant to the Freedom of Information Act, on March 20, 2007, Plaintiffs submitted a written request, by overnight delivery, to the DOD Office of Freedom of Information seeking: all records regarding the capture and transport of the Detainee Requestors (see FOIA Request, Reqs. Nos. 1 and 2, Ex. A); records of communications with, interrogations and interviews of the Detainee Requestors prior to their transfer to the U.S. Government (id., Req. 3); records of any witness communications about the Detainee Requestors (id., Req. 4); records of communications between the U.S. Government and any foreign government concerning the Detainee Requestors (id., Req. 5); records concerning all administrative, military or other proceedings conducted regarding the Detainee Requestors (id., Req. 6); records indicating that either of the Detainee Requestors has been adjudged not to be an "enemy combatant" (id., Req. 7); records indicating that either of the Detainee Requestors has been cleared for release or

transfer (id., Req. 8); records containing any evidence or assertion that the Detainee Requestors are not affiliated with any entity alleged to be a terrorist organization (id., Req. 9); records concerning any physical or psychological abuse of the Detainee Requestors while in U.S. custody (id., Req.10); medical records concerning the Detainee Requestors (id., Req.11); records of interviews with or interrogations of the Detainee Requestors (id., Req.12); records concerning access or attempted access to the Detainee Requestors by the Red Cross, or other non-governmental organizations (id., Reqs. 13, 14); records concerning any contact or interaction between military personnel or special forces units and the Detainee Requestors (id., Req. 15); records concerning any disciplinary action taken against Guantánamo personnel in connection with the Detainee Requestors (id., Req.16); records concerning information relating to the Detainee Requestors supplied by the military or any intelligence officers (id., Reqs.17, 18); and records containing statements made by other detainees or terrorist suspects in relation to the Detainee Requestors (id., Req. 19).

18.　Plaintiffs' FOIA Request sought expedited processing pursuant to 32 C.F.R. § 286.4(d)(3)(iv), which is warranted when there is an "imminent loss of substantial due process rights." Plaintiffs' FOIA Request noted that the denial of Detainee Requestors' substantial due process rights was "not only imminent, but also present and ongoing" in light of their five-year detention at Guantánamo without any formal charges, "during which time they had been subjected to solitary and isolated confinement, interrogations, and degrading physical and psychological treatment." (See FOIA Request, Ex. A.)

19.　By letter dated March 28, 2007, from Will Kammer, Chief, Office of Freedom of Information and Security Review, DOD, Defense Pentagon, Washington, DC 20301-1155, Defendant informed Plaintiffs that DOD received the FOIA Request but that DOD was denying

Plaintiffs' request for expedited processing. The letter, described as an "interim response," did not estimate when the processing of the FOIA Request would be complete due to the "complex" nature of it. (See Ex. B.)

20. By letter dated May 8, 2007, from Phyllis D. Holden, Command FOIA Program Officer, U.S. Special Operations Command, MacDill Air Force Base, Florida ("USSOCOM"), a component of DOD, Defendant informed Plaintiffs that it had received the FOIA Request as a "referral from the Department of Defense Office of Freedom of Information for all information on" the Detainee Requestors. (See Exhibit C.). The letter did not estimate when USSOCOM's processing of the FOIA Request would be complete but stated that "it is likely that processing your request will exceed the statutory 20-working day time limit." (Id.)

21. Plaintiffs have not received any further communications from USSOCOM since May 8, 2007.

22. Since the submittal of Plaintiffs' FOIA Request on March 18, 2007, Plaintiff Chiss has had several phone conversations with DOD FOIA "action officers" Aaron Graves and Jeannie Miller to inquire as to the status of the FOIA Request. In these telephone conversations, neither Mr. Graves nor Ms. Miller has ever been able to provide an estimate for when DOD's substantive response to the FOIA Request would be forthcoming, let alone the timing of DOD's production of any responsive documents. In each of these telephone conversations, Mr. Chiss advised that Plaintiffs would be willing to accept documents on a rolling basis, though none have ever been produced.

23. On or about June 11, 2007, Plaintiff Chiss transmitted to FOIA action officer Ms. Miller a signed authorization from Mr. Abu-Hijazi for the release of his medical records. No medical records for either of the Detainee Requestors have ever been produced.

24. Plaintiff Chiss spoke with Ms. Miller by telephone on or about August 15, 2007 to follow-up yet again on the status of the FOIA Request. During that conversation, Mr. Chiss reminded Ms. Miller that Plaintiffs' FOIA Request had been pending, at that point, for nearly six months and that Plaintiffs' had submitted Mr. Abu-Hijazi's medical records release nearly two months earlier. Ms. Miller advised Mr. Chiss that the FOIA Request was "in the queue" and that the request was "being processed," but that other requests were ahead of it. Ms. Miller advised Mr. Chiss that she "couldn't promise that you'll get the documents anytime soon." When Mr. Chiss advised Ms. Miller that this was unacceptable, and Plaintiffs may be forced to file a lawsuit, Ms. Miller said she "understood" and "would probably do the same thing" if she was in Plaintiffs' position. Mr. Graves made similar comments to Mr. Chiss on May 29, 2007, when he advised that filing suit might result in a faster determination from DOD than just waiting for the processing of the Request.

25. Since Plaintiff Chiss' conversation with Ms. Miller on August 15, 2007, Plaintiffs have received no further information from Defendant or any of its component agencies regarding the FOIA Request.

26. As of the date of this Complaint, Defendant still has not provided an initial determination as to Plaintiffs' Request, which was made more than eight and a half months ago.

27. As of the date of this Complaint, Defendant has neither requested from Plaintiffs any extensions of time nor indicated an anticipated date for a substantive response to Plaintiffs' FOIA Request.

28. As of the date of this Complaint, Defendant has produced no documents pursuant to Plaintiffs' FOIA Request.

29. By failing to respond substantively to any of Plaintiffs' requests within the statutory twenty-day period, Defendant has constructively denied those requests.

30. Based on Defendant's delay in responding to Plaintiffs' FOIA Request, and its failure to provide updates to Plaintiffs, it would be futile for Plaintiffs to file administrative appeals or to wait additional time to receive a substantive response from Defendant.

31. Defendant has wrongfully withheld the requested records from Plaintiffs.

## COUNT I — DEFENDANT'S VIOLATION OF FREEDOM OF INFORMATION ACT

32. Plaintiffs incorporate the allegations set forth in paragraphs 1 through 30 as if set forth fully herein.

33. Because Defendant has failed to provide an initial determination within the applicable time limit, Plaintiffs are deemed to have exhausted their administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

34. Pursuant to 5 U.S.C. § 552(a)(3), Plaintiffs have a right of access to the information and documents requested in their FOIA Request.

35. Defendant has no legal basis for refusing to disclose this information and these documents to Plaintiffs. Defendant has unlawfully withheld the records requested by Plaintiffs.

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against Defendant DOD, and:

    A. declare that Defendant's refusal to release the records requested by Plaintiffs violates the Freedom of Information Act;

    B. enjoin and order Defendant to disclose the requested records in their entireties and to make copies available to Plaintiffs;

    C. provide for expeditious proceedings in this action as provided for by 28 U.S.C. § 1657;

D.  award Plaintiffs their costs and reasonable attorneys' fees incurred in this action as provided for by 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d); and

E.  grant them such other relief as the Court may deem just and proper.

>Respectfully submitted,
>
>LOWELL SACHNOFF and ADAM R. CHISS,
>*Plaintiffs*
>
>By: ___*Adam R. Chiss*___
>One of the Plaintiffs

Lowell Sachnoff
Matthew J. O'Hara
Adam R. Chiss
Brian C. Lewis
REED SMITH LLP
10 S. Wacker Drive
Chicago, IL 60606
312-207-1000