IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOWELL SACHNOFF and ADAM R. CHISS, | ) ) ) | |
| On behalf of Guantánamo Bay prisoners Walid Ibrahim Mustafa Abu Hijazi and Maasoum Abdah Mouhammad, | ) ) ) ) ) | Case No. 07 C 6888 Hon. Judge James F. Holderman |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF DEFENSE, | ) ) ) | |
| *Defendant.* | ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiffs Lowell Sachnoff and Adam R. Chiss (collectively "Plaintiffs"), by their attorneys Reed Smith LLP, respectfully move this Court pursuant to Fed. R. Civ. P. 15(a) for leave to file their First Amended Complaint against the United States Department of Defense, a copy of which is attached hereto as Exhibit 1. In support of their motion, Plaintiffs state as follows:

### Plaintiffs' Existing FOIA Complaint

1. On December 7, 2007, Plaintiffs filed the above-captioned Freedom of Information Act ("FOIA") Complaint against the United States Department of Defense ("DOD") seeking records pertaining to two clients detained at Guantanamo Bay Naval Station that Plaintiffs' law firm represents on a *pro bono* basis. The case was originally assigned to Judge Der-Yeghiayan.

2. On February 5, 2008, DOD filed its answer to the Complaint.

3. On February 21, 2008, the parties appeared before the Court on Plaintiffs' motion

to reassign the case to this Court based on its relatedness to another Guantanamo-related FOIA suit pending before this Court, styled *Bronte et al. v. United States Department of Defense*, Case No. 07 C 3114. On February 21st, this Court granted the motion to reassign.

4.  During the hearing on February 21st, the Court encouraged DOD's counsel to begin producing documents to Plaintiffs on a rolling basis, and set this matter for further status on May 13, 2008.[1] During the same hearing, Plaintiffs informed the Court that they had recently undertaken the new representation of another Guantanamo detainee, a Tajik man named Umar Hamzayavich Abdulayev (ISN 257). Plaintiffs further advised the Court that in December 2007, they had submitted a FOIA request on behalf of Mr. Abdulayev (which request seeks the exact same categories of documents as the FOIA request previously submitted on behalf of Plaintiffs' two other detainee clients, the subjects of the original Complaint). Because Plaintiffs had received neither an initial determination from DOD within FOIA's statutory deadline nor received responsive documents to the December 2007 FOIA request, Plaintiffs advised the Court that they would likely be filing an amended FOIA complaint to add Mr. Adbulayev as one of the parties-in-interest.

**Plaintiffs' Representation of Mr. Adulayev and Submission of FOIA Request on His Behalf**

5.  As noted above, on December 11, 2007, Plaintiffs submitted a FOIA request to DOD on behalf of Plaintiffs' newest detainee client, Mr. Abdulayev. (*See* FOIA Request, December 11, 2007, attached hereto at Ex. D to attached proposed Amended Complaint at Ex. 1.) The FOIA request sought the same categories of documents as Plaintiffs' prior FOIA request submitted in March 2007 on behalf of their other two detainee clients, and also sought expedited processing pursuant to 32 C.F.R. § 286(4)(d)(3)(iv).

---

[1] On March 21, 2008, counsel for DOD produced a compact disc containing DOD"s initial production of FOIA documents. DOD is expected to produce additional documents on a rolling basis.

6. On December 19, 2007, Plaintiffs received a letter from the DOD Office of Freedom of Information, described as an "interim response" to the December 11th FOIA request. In the letter, DOD denied the request for expedited processing because it found that there was no "imminent loss of substantial due process rights and humanitarian need" pursuant to 32 C.F.R. § 286.4(d)(3)(iv). (See DOD Interim Response, December 19, 2007, attached hereto at Ex. E to attached proposed Amended Complaint at Ex. 1.) DOD also stated that it "will be unable to make a release determination on your request within the twenty-day statutory time period" and it would be "unable to estimate when the processing of this request will be completed." (Id.)

7. Since the FOIA Request was made on December 11, 2007, DOD still has not provided an initial determination in response to Plaintiffs' request on behalf of Mr. Abdulayev, which was submitted over four months ago. DOD has neither requested from Plaintiffs any extensions of time, nor indicated an anticipated date for a substantive response to Plaintiffs' December 11th FOIA Request. As of the date of this Complaint, DOD has produced no documents pursuant to the December 11, 2007 FOIA Request.

8. On April 1, 2008, Ms. Jeanne Miller, the FOIA action officer at DOD assigned to Mr. Abdulayev's FOIA request, telephoned Plaintiff Chiss. During this call, Ms. Miller informed Mr. Chiss that she could not give an estimate as to when DOD would respond to the December 11th request or produce responsive documents. This motion follows.

### The Standard for Granting Plaintiffs Leave to Amend is Met Here

9. The decision whether to grant Plaintiffs' motion for leave to amend its Complaint rests within the sound discretion of this Court. Fed. R. Civ. P. 15; *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992). Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Larkin v. Galloway*, 266 F. 3d 718, 722 (7th Cir. 2001).

10. The Seventh Circuit has explained that leave to amend is to be freely given when justice so requires, unless "there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Perrian*, 958 F.2d at 194 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

11. None of those circumstances exist here. There has been no undue delay, bad faith or dilatory motive on Plaintiffs' part, nor have Plaintiffs filed any previous motion seeking to cure any alleged deficiencies. As explained above, Plaintiffs anticipated the need to amend their complaint to add Mr. Adbulayev's FOIA request to the case, and informed the Court and opposing counsel of their intention to do so at the very first appearance before this Court on February 15, 2007.

12. Defendant will not be prejudiced in any way by the filing of the First Amended Complaint. Plaintiffs' First Amended Complaint contains the same background allegations and single count as contained in its original Complaint, with the exception of certain new background allegations concerning the submission of Mr. Abdulayev's FOIA request and DOD's response to same. Plaintiffs do not anticipate that the addition of Mr. Abdulayev's FOIA request to this action will delay this case by much, since Defendant has been in possession of Mr. Abdulayev's FOIA request for the same amount of time that this case has been pending (December 2007). Moreover, apart from one initial production of documents by Defendant in this action, Defendant is still in the process of producing documents on a rolling basis – a process that should be unaffected by permitting Plaintiffs to amend their Complaint.

WHEREFORE, Plaintiffs Lowell Sachnoff and Adam R. Chiss respectfully request that they be granted leave to file, *instanter*, the First Amended Complaint attached hereto as

Exhibit 1, and that the Court grant them such other relief as is just and appropriate in the circumstances.

Dated: April 15, 2008

                                  Respectfully submitted,

                                  **LOWELL SACHNOFF** and **ADAM R. CHISS**,
                                  *Plaintiffs*

                              By: *s/ Adam R. Chiss*
                                  One of the Plaintiffs

Lowell Sachnoff
Matthew J. O'Hara
Adam R. Chiss
Brian C. Lewis
REED SMITH LLP
10 S. Wacker Drive
Chicago, IL 60606
312-207-1000