# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOWELL SACHNOFF and<br>ADAM R. CHISS,<br><br>*On behalf of Guantánamo Bay prisoners*<br>*Walid Ibrahim Mustafa Abu Hijazi,*<br>*Maasoum Abdah Mouhammad, and*<br>*Umar Hamzayavich Abdulayev,*<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>DEFENSE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 07 - CV- 6888<br><br>Hon. Judge James F. Holderman |

## FIRST AMENDED COMPLAINT

Plaintiffs Lowell Sachnoff and Adam R. Chiss (collectively "Plaintiffs"), by their attorneys Reed Smith LLP, for their First Amended Complaint against the United States Department of Defense, state as follows:

### Introduction

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522 *et seq.*, seeking an order requiring the Defendant, the United States Department of Defense ("DOD" or "Defendant") and its components, to immediately produce agency records requested by the Plaintiff.

2. On March 20, 2007, Plaintiffs submitted a FOIA request to the Department of Defense ("the FOIA Request"). (See FOIA Request, Mar. 20, 2007, Exhibit A.) The FOIA Request was submitted on behalf of two men imprisoned at the United States Naval Station, Guantánamo Bay, Cuba ("Guantánamo"): Walid Ibrahim Mustafa Abu Hijazi (ISN 049) ("Mr.

Abu Hijazi") and Maasoum Abdah Mouhammad (ISN 300) ("Mr. Mouhammad").

3. On December 11, 2007, Plaintiffs submitted a new FOIA request to DOD on behalf of Plaintiffs' newest Guantánamo detainee client, Umar Hamzayavich Abdulayev (ISN 257). (See FOIA Request, December 11, 2007, Ex. D.)

4. The March and December 2007 FOIA Requests sought records pertaining to the ongoing imprisonment, without formal charges, of Mssrs. Abu Hijazi, Mouhammad, and Abdulayev (collectively, "the Detainee Requestors"), who are represented by Plaintiffs and their law firm on a *pro bono* basis. Specifically, among other requests, the FOIA Requests sought: (i) records of how the Detainee Requestors came into the custody of the United States; (ii) records of the Detainee Requestors' treatment since coming into U.S. custody, including records regarding their mental and physical health; and (iii) records of any administrative, legal, or military proceedings involving either or both of the Detainee Requestors, including but not limited to records relating to interrogations and interviews of the Detainee Requestors..

5. In a letter dated March 28, 2007 and described as an "interim response," Defendant denied Mssrs. Abu Hjijazi's and Mouhammad's request for expedited processing because it found that there was no "imminent loss of substantial due process rights and humanitarian need" pursuant to 32 C.F.R. § 286.4(d)(3)(iv). (See DOD Interim Response, Mar. 28, 2007, Exhibit B.) Defendant also stated that it "will be unable to make a release determination on your request within the twenty-day statutory time period" and it would be "unable to estimate when the processing of this request will be completed." (Id.)

6. On December 19, 2007, Defendant similarly denied Mr. Abdulayev's request for expedited processing because it found that there was no "imminent loss of substantial due process rights and humanitarian need" pursuant to 32 C.F.R. § 286.4(d)(3)(iv). (See DOD Interim Response, Dec. 19, 2007, Exhibit E.) Defendant also stated that it "will be unable to

make a release determination on your request within the twenty-day statutory time period" and it would be "unable to estimate when the processing of this request will be completed." (Id.)

7. Since Mssrs. Abu Hijazi's and Mouhammad's FOIA Request was made on March 20, 2007, and since Mr. Abdulayev's FOIA Request was made on December 11, 2007, Defendant, apart from documents produced in this litigation, failed to release even a single record to the Plaintiffs (not including records relating to Mssrs. Abu Hijazi and Mouhammad that were finally just released as part of this lawsuit in March 2008).

8. To enforce Plaintiffs' right to gather information on behalf of the Detainee Requestors, who are otherwise without the ability to access public information and have been and continue to be subjected to abusive practices during their ongoing, indefinite, and illegal imprisonment at Guantánamo, Plaintiffs seek an order requiring Defendant to immediately process the March and December 2007 FOIA Requests and to release all records that have been unlawfully withheld.

## Jurisdiction and Venue

9. This Court has jurisdiction over this action and these parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 552(a)(6)(E)(iii). This Court also has jurisdiction over this action pursuant to 5 U.S.C. §§ 701-06 and 28 U.S.C. § 1331.

10. Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## Parties

11. Plaintiffs are attorneys at the law firm of Reed Smith LLP ("Reed Smith"), located at 10 S. Wacker Drive, Chicago, Illinois. They are each licensed to practice law in the State of Illinois and in this Court, and both reside within this judicial district. Plaintiffs, along with their colleagues at Reed Smith, represent the Detainee Requestors on a *pro bono* basis.

12. Defendant DOD is a Department of the Executive Branch of the United States Government, and is an agency within the meaning of 5 U.S.C. § 552(f)(1). Defendant has held each of the three Detainee Requestors in its exclusive custody since 2002, when they each arrived at Guantánamo.

### Facts Giving Rise to Plaintiffs' Claims

13. The first Detainee Requestor, Mr. Abu Hijazi, is a Palestinian man from Khan Yunis, Gaza. Mr. Abu Hijazi has been imprisoned without formal charges in Guantánamo since January 2002, where he has endured harsh conditions, endless interrogations, physical and mental abuse, and prolonged isolation.

14. Mr. Abu Hijazi has spent several periods of time in the mental health facility in Guantánamo. While in the mental health facility, he has been administered numerous injections and pills against his will, which have made him feel heavily sedated and experience other uncomfortable states of consciousness. He has also been force-fed by a nasal-gastric tube inserted against his will during a hunger strike that lasted twenty months in protest of the abusive interrogations he experienced while in the Defendant's custody.

15. The second Detainee Requestor, Mr. Mouhammad, is a Syrian national. Mr. Mouhammad has been imprisoned at Guantánamo since early 2002, where he too has endured harsh conditions, endless interrogations, physical and mental abuse, and prolonged isolation.

16. The third Detainee Requestor, Mr. Abdulayev, is a Tajik national who fled his native country of Tajikistan in 1992, when a civil war erupted in that country after the collapse of the Soviet Union. Since he and his family fled Tajikistan when he was thirteen years old, Mr. Abdulayev has lived, with his family, as a refugee in Afghanistan and Pakistan. Mr. Abdulayev has been imprisoned at Guantánamo since 2002, where he too has endured harsh conditions, endless interrogations, physical and mental abuse, and prolonged isolation.

17.     Despite close to six years of internment and interrogation, the Detainee Requestors have not been charged with any offense by the United States nor notified of any pending or contemplated charges.

18.     The Detainee Requestors have challenged the legality of their ongoing executive detention, as well as the illegitimate findings that each is an "enemy combatant," through (i) the filing of petitions for writs of *habeas corpus* in the United States District Court for the District of Columbia (Mohammon et al. v. Bush et al., D.D.C., No. 05-2386, Dec. 21, 2005, in which each of the three Detainee Requestors are petitioners); and (ii) the filing of petitions with the D.C. Circuit Court of Appeals under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, §§ 1001-1006, 119 Stat. 2680, 2739-45 (enacted Dec. 30, 2005) ("DTA") for immediate release and expedited review of their Combatant Status Review Tribunal ("CSRT") determinations and for other relief. (See Abu Hijazi v. Gates, D.C. Cir., No. 07-1266, July 9, 2007; Mouhammad v. Gates, D.C. Cir., No. 07-1267, July 9, 2007; Abulayev v. Gates, D.C. Cir. No 08-1112, Mar. 14, 2008). The Detainee Requestors' petitions for *habeas corpus* and for relief under the DTA all remain pending in the courts.

### *Mssrs. Abu Hijazi's and Mouhammad's March 2007 FOIA Request*

19.     Pursuant to the Freedom of Information Act, on March 20, 2007, Plaintiffs submitted a written request, by overnight delivery, to the DOD Office of Freedom of Information seeking: all records regarding the capture and transport of Mssrs. Abu Hijazi and Mouhammad (see FOIA Request, Reqs. Nos. 1 and 2, Ex. A); records of communications with, interrogations and interviews of Mssrs. Abu Hijazi and Mouhammad prior to their transfer to the U.S. Government (id., Req. 3); records of any witness communications about Mssrs. Abu Hijazi and Mouhammad (id., Req. 4); records of communications between the U.S. Government and any foreign government concerning Mssrs. Abu Hijazi and Mouhammad (id., Req. 5); records

concerning all administrative, military or other proceedings conducted regarding Mssrs. Abu Hijazi and Mouhammad (id., Req. 6); records indicating that either Mssrs. Abu Hijazi or Mouhammad has been adjudged not to be an "enemy combatant" (id., Req. 7); records indicating that either Mssrs. Abu Hijazi or Mouhammad has been cleared for release or transfer (id., Req. 8); records containing any evidence or assertion that Mssrs. Abu Hijazi and Mouhammad are not affiliated with any entity alleged to be a terrorist organization (id., Req. 9); records concerning any physical or psychological abuse of Mssrs. Abu Hijazi and Mouhammad while in U.S. custody (id., Req.10); medical records concerning Mssrs. Abu Hijazi and Mouhammad (id., Req.11); records of interviews with or interrogations of Mssrs. Abu Hijazi and Mouhammad (id., Req.12); records concerning access or attempted access to Mssrs. Abu Hijazi and Mouhammad by the Red Cross, or other non-governmental organizations (id., Reqs. 13, 14); records concerning any contact or interaction between military personnel or special forces units and Mssrs. Abu Hijazi and Mouhammad (id., Req. 15); records concerning any disciplinary action taken against Guantánamo personnel in connection with Mssrs. Abu Hijazi and Mouhammad (id., Req.16); records concerning information relating to Mssrs. Abu Hijazi and Mouhammad supplied by the military or any intelligence officers (id., Reqs.17, 18); and records containing statements made by other detainees or terrorist suspects in relation to Mssrs. Abu Hijazi and Mouhammad (id., Req. 19).

20.    Plaintiffs' FOIA Request sought expedited processing pursuant to 32 C.F.R. § 286.4(d)(3)(iv), which is warranted when there is an "imminent loss of substantial due process rights." Plaintiffs' FOIA Request noted that the denial of Mssrs. Abu Hijazi's and Mouhammad's substantial due process rights was "not only imminent, but also present and ongoing" in light of their five-year detention at Guantánamo without any formal charges, "during

which time they had been subjected to solitary and isolated confinement, interrogations, and degrading physical and psychological treatment." (See FOIA Request, Ex. A.)

21.　　By letter dated March 28, 2007, from Will Kammer, Chief, Office of Freedom of Information and Security Review, DOD, Defense Pentagon, Washington, DC 20301-1155, Defendant informed Plaintiffs that DOD received the FOIA Request but that DOD was denying Plaintiffs' request for expedited processing. The letter, described as an "interim response," did not estimate when the processing of the FOIA Request would be complete due to the "complex" nature of it. (See Ex. B.)

22.　　By letter dated May 8, 2007, from Phyllis D. Holden, Command FOIA Program Officer, U.S. Special Operations Command, MacDill Air Force Base, Florida ("USSOCOM"), a component of DOD, Defendant informed Plaintiffs that it had received the FOIA Request as a "referral from the Department of Defense Office of Freedom of Information for all information on" Mssrs. Abu Hijazi and Mouhammad. (See Exhibit C.). The letter did not estimate when USSOCOM's processing of the FOIA Request would be complete but stated that "it is likely that processing your request will exceed the statutory 20-working day time limit." (Id.)

23.　　Plaintiffs have not received any further communications from USSOCOM since May 8, 2007.

24.　　Since the submittal of Plaintiffs' FOIA Request on March 18, 2007, Plaintiff Chiss has had several phone conversations with DOD FOIA "action officers" Aaron Graves and Jeanne Miller to inquire as to the status of the FOIA Request. In these telephone conversations, neither Mr. Graves nor Ms. Miller has ever been able to provide an estimate for when DOD's substantive response to the FOIA Request would be forthcoming, let alone the timing of DOD's production of any responsive documents. In each of these telephone conversations, Mr. Chiss advised that Plaintiffs would be willing to accept documents on a rolling basis, though none were

produced absent the filing of this action.

25. On or about June 11, 2007, Plaintiff Chiss transmitted to FOIA action officer Ms. Miller a signed authorization from Mr. Abu-Hijazi for the release of his medical records. No medical records for either Mssrs. Abu Hijazi and Mouhammad have ever been produced.

26. Plaintiff Chiss spoke with Ms. Miller by telephone on or about August 15, 2007 to follow-up yet again on the status of Mssrs. Abu Hijazi's and Mouhammad's FOIA Request. During that conversation, Mr. Chiss reminded Ms. Miller that Plaintiffs' FOIA Request had been pending, at that point, for nearly six months and that Plaintiffs' had submitted Mr. Abu-Hijazi's medical records release nearly two months earlier. Ms. Miller advised Mr. Chiss that the FOIA Request was "in the queue" and that the request was "being processed," but that other requests were ahead of it. Ms. Miller advised Mr. Chiss that she "couldn't promise that you'll get the documents anytime soon." When Mr. Chiss advised Ms. Miller that this was unacceptable, and Plaintiffs may be forced to file a lawsuit, Ms. Miller said she "understood" and "would probably do the same thing" if she was in Plaintiffs' position. Mr. Graves made similar comments to Mr. Chiss on May 29, 2007, when he advised that filing suit might result in a faster determination from DOD than just waiting for the processing of the Request.

27. Since Plaintiff Chiss' conversation with Ms. Miller on August 15, 2007, Plaintiffs have received no further information from Defendant or any of its component agencies regarding Mssrs. Abu Hijazi's and Mouhammad's FOIA Request (not including communications Plaintiffs have had with opposing counsel in the U.S. Attorney's office in Chicago as part of this litigation).

### *Mr. Abdulayev's December 2007 FOIA Request*

28. Pursuant to FOIA, on December 11, 2007, Plaintiffs submitted a written request, by overnight delivery, to the DOD Office of Freedom of Information on behalf of Mr.

Abdulayev. (*See* FOIA Request, Dec. 11, 2007, Ex. D.) The December 11, 2007 FOIA Request sought the exact same categories of documents as Plaintiffs' March 20, 2007 FOIA Request submitted on behalf of Mssrs. Abu Hijazi and Mouhammad. The December 11, 2007 FOIA Request also sought expedited processing pursuant to 32 C.F.R. § 286(4)(d)(3)(iv).

29. On December 19, 2007, Plaintiffs received a letter from the DOD Office of Freedom of Information, described as an "interim response" to the December 11th FOIA Request. In the letter, DOD denied the request for expedited processing because it found that there was no "imminent loss of substantial due process rights and humanitarian need" pursuant to 32 C.F.R. § 286.4(d)(3)(iv). (See DOD Interim Response, December 19, 2007, Ex. E.) DOD also stated that it "will be unable to make a release determination on your request within the twenty-day statutory time period" and it would be "unable to estimate when the processing of this request will be completed." (Id.)

30. On April 1, 2008, Ms. Jeanne Miller. the FOIA action officer at DOD assigned to Mr. Abdulayev's FOIA Request, called Plaintiff Chiss. During that phone call, Ms. Miller informed Mr. Chiss that she could not give an estimate as to when DOD would respond to the December 11th FOIA Request or produce responsive documents.

31. As of the date of this First Amended Complaint, Defendant still has not provided an initial determination in response to Mssrs. Abu Hijazi's and Mouhammad's FOIA Request, which was made more than twelve and a half months ago.

32. As of the date of this First Amended Complaint, Defendant still has not provided an initial determination in response to Mr. Abdulayev's FOIA Request, which was submitted more than four months ago.

33. As of the date of this First Amended Complaint, Defendant has neither requested from Plaintiffs any extensions of time nor indicated an anticipated date for a complete response to Plaintiffs' FOIA Requests.

34. As of the date of this Amended Complaint, Defendant has produced no documents pursuant to Mr. Abdulayev's FOIA Request. Only as a result of the filing of the original Complaint, Defendant has produced some, but not all, responsive documents to Mssrs. Abu Hijazi's and Mouhammad's FOIA Request.

35. By failing to respond substantively to any of Plaintiffs' requests within the statutory twenty-day period, Defendant has constructively denied those requests.

36. Based on Defendant's delay in responding to Plaintiffs' FOIA Requests, and its failure to provide updates to Plaintiffs, it would be futile for Plaintiffs to file administrative appeals or to wait additional time to receive a substantive response from Defendant.

37. Defendant has wrongfully withheld the requested records from Plaintiffs.

### COUNT I — DEFENDANT'S VIOLATION OF FREEDOM OF INFORMATION ACT

38. Plaintiffs incorporate the allegations set forth in paragraphs 1 through 37 as if set forth fully herein.

39. Because Defendant has failed to provide an initial determination within the applicable time limit, Plaintiffs are deemed to have exhausted their administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

40. Pursuant to 5 U.S.C. § 552(a)(3), Plaintiffs have a right of access to the information and documents requested in their FOIA Request.

41. Defendant has no legal basis for refusing to disclose this information and these documents to Plaintiffs. Defendant has unlawfully withheld the records requested by Plaintiffs.

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against Defendant DOD, and:

A. declare that Defendant's refusal to release the records requested by Plaintiffs violates the Freedom of Information Act;

B. enjoin and order Defendant to disclose the requested records in their entireties and to make copies available to Plaintiffs;

C. provide for expeditious proceedings in this action as provided for by 28 U.S.C. § 1657;

D. award Plaintiffs their costs and reasonable attorneys' fees incurred in this action as provided for by 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d); and

E. grant them such other relief as the Court may deem just and proper.

Respectfully submitted,

**LOWELL SACHNOFF** and **ADAM R. CHISS**, *Plaintiffs*

By: *s/ Adam R. Chiss*
One of the Plaintiffs

Lowell Sachnoff
Matthew J. O'Hara
Adam R. Chiss
Brian C. Lewis
REED SMITH LLP
10 S. Wacker Drive
Chicago, IL 60606
312-207-1000