# EXHIBIT A

# ReedSmith
# Sachnoff &Weaver

Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL 60606-7507
312.207.1000
Fax 312.207.6400
Direct Fax: 312.207.6400

**Adam R. Chiss**
Direct Phone: 312.207.2414
Email: achiss@reedsmith.com

March 20, 2007

**VIA FEDERAL EXPRESS**

Ms. Karen M. Finnegan
Office of Freedom of Information
Department of Defense
1155 Defense Pentagon
Washington, DC 20301-1155

> Re:     **Freedom of Information Act Request**
> **Expedited Processing Requested**

Dear Ms. Finnegan:

This letter constitutes a request for records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*, and corresponding regulations. This request is submitted by the undersigned on behalf of the following two individuals (collectively, "Detainee Requestors") who are presently detained at Guantanamo Bay Naval Base, Cuba ("Guantanamo"): (i) Walid Ibrahim Mustafa Abu Hijazi (ISN 049), a/k/a Assem Matruq Mohammad Al Aasmi, a/k/a Mohammed Al Palestini and (ii) Maasoum Abdah Mouhammad (ISN 330), a/k/a Bilal LNU.

## I.     Records Sought

Detainee Requestors seeks all records[1] in any way relating to, pertaining to, or mentioning the Detainee Requestors, including without limitation, all records concerning the U.S. Government's custody and interrogations of them. Detainee Requestors also seek the following records:

> 1.     Records concerning the capture of the Detainee Requestors and their transfer to Guantanamo or to any other detention facility under U.S. control;

---

[1] As used in this letter, "records" refers to all records as defined by the FOIA, 5 U.S.C. § 552(f)(2) and by 32 C.F.R. § 286.3, including but not limited to, existing memoranda, agreements, notes, orders, policies, procedures, protocols, written or email correspondence, faxes, files, reports, rules, technical manuals, technical specifications, training manuals, studies, analyses, audio or video recordings, transcripts of such recordings, data, papers, guidance, guidelines, evaluations, instructions, photographs, films, recordings, books, accounts, communications and all retrievable information in computer storage, regardless of form of the record as a digital, audio, written, video or other record.

NEW YORK ♦ LONDON ♦ CHICAGO ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND

MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

r e e d s m i t h . c o m

CHILIB-948546.1-A1 3/20/07 11:25 AM

Ms. Karen M. Finnegan
March 20, 2007
Page 2

2.    Records concerning the transport of Detainee Requestors to Guantanamo, including but not limited to records of the transport itinerary, duration of the flight, and all measures taken with respect to physically securing Requestors during transport;

3.    Records of communications with, interrogations and interviews of (referred to collectively as "interrogations") Detainee Requestors while they were in custody of any foreign government prior to their transfer to the U.S. Government;

4.    Records of communications with, statements made by, and interrogations of any person or witness who provided information about the Detainee Requestors prior to their capture and/or detention by the U.S. Government or any foreign government;

5.    Correspondence and records, including but not limited to notes, emails, and telephone records of communications between the U.S. Government and any foreign government concerning Detainee Requestors;

6.    Records concerning all administrative, military, or other proceedings conducted regarding the Detainee Requestors, including any memoranda, submissions, transcripts, summaries, factual or legal findings, or any other documents associated with hearings before any Combatant Status Review Tribunal ("CSRT") or Administrative Review Board ("ARB");

7.    Records indicating that either of the Detainee Requestors has, at any time, been adjudged not to be enemy combatants, or to be "no longer enemy combatants" by a CSRT, ARB, or any other panel, tribunal, person or entity;

8.    Records indicating that either of the Detainee Requestors has, at any time, been cleared for release or transfer from Guantanamo by an ARB, or any other panel, tribunal, person, or entity;

9.    Records containing any assertion, evidence, or conclusion that the Detainee Requestors are not affiliated with any entity alleged to be a terrorist organization;

10.   Records concerning any physical or psychological abuse of the Detainee Requestors while in U.S. custody, including:

      a.   Records concerning physical or psychological conditions used to elicit cooperation from, or to punish, the Detainee Requestors, including, but not limited to: use of shackles; solitary confinement; withholding or damaging the Koran; use of psychoactive drugs; modulation of temperature; withholding of food or water; force-feeding; exposure to weather elements; use of straight jackets; use of dogs to intimidate and/or coerce or attack; threatening the well-being of the Detainee Requestors' families or otherwise intimating that their

Ms. Karen M. Finnegan
March 20, 2007
Page 3

families would be harmed; cavity searches; forcing the Detainee Requestors to hold specific body positions for extended period of time; sleep deprivation; sensory deprivation or sensory overload, e.g., by exposure to very bright lights at night, by exposure to loud music or noise; or withholding communications to or from the Detainee Requestors' families;

    b.  Records concerning treatment of the Detainee Requestors by interrogators, including but not limited to, any plans, instructions, orders, guidance or procedures governing interrogations, and any records of any person objecting to or refusing to comply with such instructions;

11.    Medical records and information concerning the Detainee Requestors, including, without limitation:

    a.  Records and information concerning the physical condition of the Detainee Requestors;

    b.  Records of any medical conditions experienced by the Detainee Requestors;

    c.  Records of any medical and/or psychiatric treatments provided, requested, or denied while in U.S. custody;

    d.  Records of the mental health or psychological conditions of the Detainee Requestors;

    e.  Records concerning the identities of every person who has or did have any responsibility to observe, record, address, cure, modulate, monitor, or in any way reflect upon the physical or mental health conditions of Requestors;

    f.  Records concerning any procedures, instructions, orders, or guidance provided to medical personnel with respect to their duties at Guantanamo;

12.    Records of interviews with or interrogations of the Detainee Requestors conducted by the United States, any foreign government, or any other person or entity, including but not limited to:

    a.  Records containing statements made by the Detainee Requestors;

    b.  Records containing notes or transcriptions of the interviews or interrogations;

    c.  Any photographs, video, audio, digital or other contemporaneous recordings of the interviews or interrogations;

    d.  Records of the conditions to which the Detainee Requestors were subjected during the interviews or interrogations;

Ms. Karen M. Finnegan
March 20, 2007
Page 4

    e. Records concerning the mental or physical condition of the Detainee Requestors during or after the interviews or interrogations;

    f. Records concerning any interaction the Joint Intelligence Group at Guantanamo had with the Detainee Requestors;

    g. Records containing, or in any way relating or referring to, information provided by or obtained by the Detainee Requestors;

13. Records concerning access to the Detainee Requestors requested by, or granted or denied to, any foreign government, non-government organization ("NGO"), or any other entity or person;

14. Records concerning any contact, communication, or interaction between the International Committee for the Red Cross ("Red Cross"), or any other NGO, and the Detainee Requestors, including but not limited to, records related to decisions to either grant or deny the Red Cross access to any of the Detainee Requestors;

15. Records concerning any contact, communication, or interaction between any military personnel or special forces unit, and the Detainee Requestors, including, without limitation:

    a. Records concerning any contact or interaction between the Extreme Reaction Force ("ERF") or the Immediate Response Force ("IRF") in Guantanamo and the Detainee Requestors;

    b. Records concerning any disciplinary action or punishment against the Detainee Requestors;

16. Records concerning any investigation of or disciplinary action taken against any guard, military police, intelligence officer, military personnel, or civilian in connection with the Detainee Requestors;

17. Records containing information relating to the Detainee Requestors supplied by military police, the Joint Detention Operations Group, or other entities or persons who monitor detainees in Guantanamo;

18. Records containing information relating to the Detainee Requestors supplied by intelligence officers, interrogators at Guantanamo, or the Joint Intelligence Group; and;

19. Records containing statements made by other Guatanamo detainees or terrorist suspects about the Detainee Requestors.

Ms. Karen M. Finnegan
March 20, 2007
Page 5

## II.    Detainee Requestors Are Entitled to Expedited Processing

Expedited processing of a FOIA request is warranted when there is an "imminent loss of substantial due process rights and humanitarian need." 32 C.F.R. § 286.4(d)(3)(iv). Here the denial of the Detainee Requestors' substantial due process rights is not only imminent, but also present and ongoing. The Detainee Requestors have each been detained in Guantanamo without any legitimate due process for approximately five years, during which time they have been subjected to solitary and isolated confinement, interrogations, and degrading physical and psychological treatment. (See Declaration of Adam R. Chiss In Support of Request for Expedited Processing, attached hereto.)

The Detainee Requestors expect that the Department of Defense ("DoD") will provide a notice of its determination as to whether to grant expedited processing of this request for records within ten calendar days, and notice of its determination of whether it will comply with the request within twenty working days, of the receipt of this letter. See 32 C.F.R. §§ 286.4(d)(1), (3); 5 U.S.C. § 552(a)(6)(A)(i).

We understand that your office is coordinating FOIA requests for records relating to Guantanamo detainees, and accordingly has custody or control of the documents requested in this letter. If your office does not have custody or control of the requested document, I request prompt notice of their current location.

FOIA and DoD implementing regulations provide that if some parts of records containing the requested information are exempt from mandatory disclosure, then non-exempt materials shall be disclosed after the exempt materials have been deleted. See 5 U.S.C. § 552(b); 32 C.F.R. § 286.23(d). Thus, if you determine that some portion of a record that is responsive to this request is exempt from mandatory disclosure, please provide a copy of the remainder of the record. Additionally, if you determine that some of all of the requested records are exempt from disclosure, please provide a list or index of the records withheld, the exemption relied upon, an estimate of the volume of records denied, and the reasons why a discretionary release of the records would not be appropriate under DoD implementing regulations and the agency's FOIA policy. See 32 C.F.R. § 286.23(e).

Pursuant to FOIA, the Requestor Detainees, through their counsel, promise to pay reasonable charges incurred under the regulations for search and copying of the requested documents, upon presentation of an invoice along with the requested documents. If search and copying fees are estimated, in the aggregate, to exceed $5,000, please contact the undersigned for agreement to incur such charges.

Lastly, the undersigned and my two colleagues, Matthew J. O'Hara and Lowell Sachnoff, have each been granted Secret level clearances by the Department of Justice and have been investigated as if applying for Top Secret level clearances. Accordingly, we have been cleared to access certain Classified information and will agree to review any responsive documents to this FOIA request that are deemed Classified at a secure facility.

Ms. Karen M. Finnegan
March 20, 2007
Page 6

Thank you very much for your consideration of this request.   Please direct all future responses to my attention at:

> Adam R. Chiss
> Reed Smith LLP
> 10 S. Wacker Drive, 40th Floor
> Chicago, IL 60606
> 312.207.2414 (direct phone)
> 312.207.6400 (facsimile)

If you need to reach someone by telephone about this request, you may also contact my colleague, Matthew J. O'Hara at (312) 207-6516.

Very truly yours,

Adam R. Chiss
For and on behalf of Reed Smith Sachnoff & Weaver

ARC:dr

cc:     Lowell Sachnoff, Esq.
        Matthew J. O'Hara, Esq.

## DECLARATION OF ADAM R. CHISS
## IN SUPPORT OF REQUEST FOR EXPEDITED PROCESSING

I, Adam R. Chiss, declare pursuant to 5 U.S.C. § 552 and 32 C.F.R. § 286.4(d)(3)(iv):

1. I am an associate at the law firm Reed Smith Sachnoff & Weaver, 10 South Wacker Drive, Chicago, Illinois, 60606. I submit this declaration in support of the Freedom of Information Act Request filed today on behalf of myself and (i) Walid Ibrahim Mustafa Abu Hijazi (ISN 049), a/k/a Assem Matruq Mohammad Al Aasmi, a/k/a Mohammed Al Palestini and (ii) Maasoum Abdah Mouhammad (ISN 330), a/k/a Bilal LNU .

2. I currently represent Messrs. Abu Hijazi and Mouhammad (collectively, "the Detainee Requestors") in habeas corpus actions filed in federal district court, which challenge the continued detention of the Detainee Requestors in Guantanamo Bay Naval Base, Cuba ("Guantanamo") as unlawful and unconstitutional.

3. The United States Military has denied and continues to deny the Detainee Requestors' substantial due process rights. The Detainee Requestors have been detained by the U.S. Military in Guantanamo for approximately five years without any legitimate legal process, during which period they have been subjected to solitary and isolated confinement, interrogation and degrading physical and psychological treatment.

I hereby declare that the foregoing is true and correct to the best of my knowledge.

Executed in Chicago, Illinois on March 20, 2007.

Adam R. Chiss
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Suite 4000
Chicago, IL 60606
312.207.2414
312.207.6400 - Fax