# EXHIBIT D



Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL 60606-7507
312.207.1000
Fax 312.207.6400
Direct Fax: 312.207.6400

**Adam R. Chiss**
Direct Phone: 312.207.2414
Email: achiss@reedsmith.com

December 11, 2007

## VIA UPS OVERNIGHT DELIVERY AND ELECTRONIC DELIVERY

Office of Freedom of Information
U.S. Department of Defense
1155 Defense Pentagon
Room 3C843 (OSD Mail Room)
Washington DC 20301-1155

Re:   **Freedom of Information Act Request: Expedited Processing Requested**

To Whom It May Concern:

This letter constitutes a request for records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*, and corresponding regulations. This request is submitted by the undersigned on behalf of Abdullah Bo Omer Hamza Yoyej, a/k/a Omar Hamzayavich Abdulayev (ISN 257) (hereinafter the "Detainee Requestor"), who is presently imprisoned at Guantanamo Bay Naval Base, Cuba ("Guantanamo"):

### I.    Records Sought

Detainee Requestor seeks all records[1] in any way relating to, pertaining to, or mentioning the Detainee Requestor, including without limitation, all records concerning the U.S. Government's custody and interrogations of him. Detainee Requestor also seeks the following records:

1.   Records concerning the capture of Detainee Requestor and his transfer to Guantanamo or to any other detention facility under U.S. control;

2.   Records concerning the transport of Detainee Requestor to Guantanamo, including but not limited to records of the transport itinerary, duration of the

---

[1] As used in this letter, "records" refers to all records as defined by the FOIA, 5 U.S.C. § 552(f)(2) and by 32 C.F.R. § 286.3, including but not limited to, existing memoranda, agreements, notes, orders, policies, procedures, protocols, written or email correspondence, faxes, files, reports, rules, technical manuals, technical specifications, training manuals, studies, analyses, audio or video recordings, transcripts of such recordings, data, papers, guidance, guidelines, evaluations, instructions, photographs, films, recordings, books, accounts, communications and all retrievable information in computer storage, regardless of form of the record as a digital, audio, written, video or other record.

NEW YORK ◆ LONDON ◆ CHICAGO ◆ PARIS ◆ LOS ANGELES ◆ SAN FRANCISCO ◆ WASHINGTON, D.C. ◆ PHILADELPHIA ◆ PITTSBURGH ◆ OAKLAND

MUNICH ◆ ABU DHABI ◆ PRINCETON ◆ NORTHERN VIRGINIA ◆ WILMINGTON ◆ BIRMINGHAM ◆ DUBAI ◆ CENTURY CITY ◆ RICHMOND ◆ GREECE

r e e d s m i t h . c o m

December 11, 2007
Page 2

flight, and all measures taken with respect to physically securing Detainee Requestor during transport;

3.    Records of communications with, statements made by, and interrogations of any person or witness who provided information about the Detainee Requestor prior to his capture and/or detention by the U.S. Government or any foreign government;

4.    Correspondence and records, including but not limited to notes, emails, and telephone records of communications between the U.S. Government and any foreign government concerning Detainee Requestor;

5.    Records concerning all administrative, military, or other proceedings conducted regarding the Detainee Requestor, including any memoranda, submissions, transcripts, summaries, factual or legal findings, or any other documents associated with hearings before any Combatant Status Review Tribunal ("CSRT") or Administrative Review Board ("ARB"), including records indicating that the Detainee Requestor has, at any time, been cleared for release or transfer from Guantanamo by an ARB, or any other panel, tribunal, person, or entity;

6.    Records indicating that the Detainee Requestor has, at any time, been adjudged not to be an enemy combatant, or to be "no longer an enemy combatant" by a CSRT, ARB, or any other panel, tribunal, person or entity;

7.    Records concerning any physical or psychological abuse of the Detainee Requestor while in U.S. custody, including:

   a.   Records concerning physical or psychological conditions used to elicit cooperation from, or to punish, the Detainee Requestor, including, but not limited to: use of shackles; solitary confinement; withholding or damaging the Koran; use of psychoactive drugs; modulation of temperature; withholding of food or water; force-feeding; exposure to weather elements; use of straight jackets; use of dogs to intimidate and/or coerce or attack; threatening the well-being of the Detainee Requestor's family or otherwise intimating that their families would be harmed; cavity searches; forcing the Detainee Requestor to hold specific body positions for extended period of time; sleep deprivation; sensory deprivation or sensory overload, e.g., by exposure to very bright lights at night, by exposure to loud music or noise; or withholding communications to or from the Detainee Requestor's family;

   b.   Records concerning treatment of the Detainee Requestor by interrogators, including but not limited to, any plans, instructions, orders, guidance or procedures governing interrogations, and any records of any person objecting to or refusing to comply with such instructions;

8.    Medical records and information concerning the Detainee Requestor, including, without limitation:

December 11, 2007
Page 3

    a. Records and information concerning the physical condition of the Detainee Requestor;

    b. Records of any medical conditions experienced by the Detainee Requestor;

    c. Records of any medical, psychological, and/or psychiatric treatments provided, requested, or denied while in U.S. custody, including but not limited to

    d. Records of the mental health or psychological conditions of the Detainee Requestors;

    e. Records concerning the identities of every person who has or did have any responsibility to observe, record, address, cure, modulate, monitor, or in any way reflect upon the physical or mental health conditions of the Detainee Requestor;

    f. Records concerning any procedures, instructions, orders, or guidance provided to medical personnel with respect to their duties at Guantanamo;

9. Records of interviews with or interrogations of the Detainee Requestor conducted by the United States, any foreign government, or any other person or entity, including but not limited to:

    a. Records containing statements made by the Detainee Requestor;

    b. Records containing notes or transcriptions of the interviews or interrogations;

    c. Any photographs, video, audio, digital or other contemporaneous recordings of the interviews or interrogations;

    d. Records of the conditions to which the Detainee Requestor was subjected during the interviews or interrogations;

    e. Records concerning the mental or physical condition of the Detainee Requestor during or after the interviews or interrogations;

    f. Records concerning any interaction the Joint Intelligence Group at Guantanamo had with the Detainee Requestor;

    g. Records containing, or in any way relating or referring to, information provided by or obtained by the Detainee Requestor;

10. Records concerning access to the Detainee Requestor requested by, or granted or denied to, any foreign government, non-government organization ("NGO"), or any other entity or person;

December 11, 2007
Page 4

11. Records concerning any contact, communication, or interaction between the International Committee for the Red Cross ("Red Cross"), or any other NGO, and the Detainee Requestors, including but not limited to, records related to decisions to either grant or deny the Red Cross access to any of the Detainee Requestors;

12. Records concerning any contact, communication, or interaction between any military personnel or special forces unit, and the Detainee Requestor, including, without limitation:

    a. Records concerning any contact or interaction between the Extreme Reaction Force ("ERF") or the Immediate Response Force ("IRF") in Guantanamo and the Detainee Requestor;

    b. Records concerning any disciplinary action or punishment against the Detainee Requestor;

13. Records concerning any investigation of or disciplinary action taken against any guard, military police, intelligence officer, military personnel, or civilian in connection with the Detainee Requestor;

14. Records containing information relating to the Detainee Requestor supplied by military police, the Joint Detention Operations Group, or other entities or persons who monitor detainees in Guantanamo;

15. Records containing information relating to the Detainee Requestor supplied by intelligence officers, interrogators at Guantanamo, or the Joint Intelligence Group; and

16. Records containing statements made by other Guantanamo detainees or alleged terrorist suspects about the Detainee Requestor.

## II. Detainee Requestor Is Entitled to Expedited Processing

Expedited processing of a FOIA request is warranted when there is an "imminent loss of substantial due process rights and humanitarian need." 32 C.F.R. § 286.4(d)(3)(iv). Here the denial of Detainee Requestor's substantial due process rights is not only imminent, but also present and ongoing. Detainee Requestor has been detained in Guantanamo without any legitimate due process for over five years, during which time he has been subjected to solitary and isolated confinement, interrogations, and degrading physical and psychological treatment.

Detainee Requestor expects that the Department of Defense ("DoD") will provide a notice of its determination as to whether to grant expedited processing of this request for records within ten calendar days, and notice of its determination of whether it will comply with the request within twenty working days, of the receipt of this letter. *See* 32 C.F.R. §§ 286.4(d)(1), (3); 5 U.S.C. § 552(a)(6)(A)(i).

We understand that your office is coordinating FOIA requests for records relating to Guantanamo detainees, and accordingly has custody or control of the documents requested in this letter. If your office does not have custody or control of the requested document, I request

December 11, 2007
Page 5

that you forward this Request to all relevant DOD components and provide me prompt notice of their current location.

FOIA and DoD implementing regulations provide that if some parts of records containing the requested information are exempt from mandatory disclosure, then non-exempt materials shall be disclosed after the exempt materials have been deleted.  *See* 5 U.S.C. § 552(b); 32 C.F.R. § 286.23(d).  Thus, if you determine that some portion of a record that is responsive to this request is exempt from mandatory disclosure, please provide a copy of the remainder of the record.  Additionally, if you determine that some of all of the requested records are exempt from disclosure, please provide a list or index of the records withheld, the exemption relied upon, an estimate of the volume of records denied, and the reasons why a discretionary release of the records would not be appropriate under DoD implementing regulations and the agency's FOIA policy.  *See* 32 C.F.R. § 286.23(e).

Pursuant to FOIA, the Requestor Detainees, through their counsel, promise to pay reasonable charges incurred under the regulations for search and copying of the requested documents, upon presentation of an invoice along with the requested documents.  If search and copying fees are estimated, in the aggregate, to exceed $5,000, please contact the undersigned for agreement to incur such charges.

Thank you very much for your consideration of this request.  Please direct all future responses to my attention at:

> Adam R. Chiss
> Reed Smith LLP
> 10 S. Wacker Drive
> Chicago, IL 60606
> 312.207.2414 (direct phone)
> 312.207.6400 (facsimile)

If you need to reach someone by telephone about this request, you may also contact my colleagues Matthew J. O'Hara at (312) 207-6516, Brian Lewis at (312) 207-6439, or Lowell Sachnoff at (312) 207-6485.

Very truly yours,

Adam R. Chiss
One of the Attorneys for Abdullah Bo Omer
Hamza Yoyej a/k/a Omar Hamzayavich
Abdulayev  (ISN 257)

cc:    Lowell Sachnoff, Esq.
       Matthew J. O'Hara, Esq.
       Brian Lewis, Esq.