# EXHIBIT E



**DEPARTMENT OF DEFENSE**
OFFICE OF FREEDOM OF INFORMATION
1155 DEFENSE PENTAGON
WASHINGTON, DC 20301-1155

19 DEC 2007

Ref: 08-F-0416

Mr. Adam R. Chiss
Reed Smith Sachnoff & Weaver
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606

Dear Mr. Chiss:

  This is an interim response to your Freedom of Information Act (FOIA) request dated December 11, 2007, "on behalf of Abdullah Bo Omer Hamza Yoyej, a/k/a Omar Hamzayavich Abdulayev (ISN 257)(hereinafter the "Detainee Requestor"), who is presently imprisoned at Guantanamo Bay Naval Base, Cuba ("Guantanamo")". You have requested records in any way relating to, pertaining to, or mentioning the Detainee Requestor, including without limitation, all records concerning the U.S. Government's custody and interrogations of him. Specifically, you have identified sixteen separate categories of records that you are seeking. You have also requested expedited processing of this request pursuant to 32 C.F.R. § 286.4(d)(3)(iv) and have agreed to pay reasonable charges incurred for searching and copying up to the limit of $5,000. We received your request on December 12, 2007, and assigned it FOIA case number 08-F-0416.

  In requesting expedited processing you are asking that this request be placed ahead of all requests that were received before your request. You have requested expedited processing on the basis of an "imminent loss of substantial due process rights and humanitarian need" pursuant to 32 C.F.R. § 286.4(d)(3)(iv). You state that the "Detainee Requestor has been detained in Guantanamo without any legitimate legal process for a over five years, during which time he has been subjected to solitary and isolated confinement, interrogations and degrading physical and psychological treatment." After carefully considering your request for expedited processing, I have determined that your request does not meet the criteria of the above mentioned DoD standards for expedited processing; therefore, this request is denied. As you may know, certain detainee-related documents can be found at http://www.dod.mil/pubs/foi/detainees/index.html. Specifically, you will find Detainee Hospital Guantanamo Bay Cuba Standard Operating Procedures documents which would be responsive to Item 8f of your request.

  I have determined that you should be placed in the "other" category for fee purposes, which affords you two hours of search time and 100 pages of duplication free of charge. Subsequent processing will be assessed at the established DoD fee rates of: clerical search time--$20 per hour; professional search time--$44 per hour; executive search time--$75 per hour and document reproduction at $0.15 per page. You have stated that you are willing to pay reasonable charges incurred for search and copying, but you have advised that you wish to be contacted if such fees are estimated to, in the aggregate, exceed $5,000.

Your request is a complex request that will most likely involve a large volume of material, some of which may be classified, that is located in numerous Department of Defense (DoD) components and agencies, and will require multiple levels of review. Accordingly, this Office will be unable to make a release determination on your request within the twenty-day statutory time period. This Office processes requests on a first-in, first-out basis, therefore, this request has been placed in the complex case processing queue. I apologize for the anticipated delay in responding to your request, but due to the complexity of the request this Office is unable to estimate when the processing of this request will be completed. You may wish to consider narrowing your request in order to facilitate a quicker response.

You have also requested that this Office provide "a list or index of the records withheld, the exemption relied upon, an estimate of the volume of records denied, and the reasons why a discretionary release of the records would not be appropriate under DoD implementing regulations and the agency's FOIA policy. *See* 32 C.F.R. § 286.23(e)." I have interpreted this request as one for a *Vaughn* index pursuant to Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973). It is well settled that a requester is not entitled to receive a *Vaughn* index during the administrative process. See Schwarz v. United States Dep't of Treasury, 131 F. Supp.2d 142, 147 (D.D.C. 2000). Accordingly, this request is denied.

You have requested records that would contain medical information; therefore, we will need a completed and signed "Authorization for Disclosure of Information," DA Form 5006 (copy enclosed) from your client. The DA Form 5006 must be received by this Office before we will process this portion of this FOIA request. We will initiate a search for records responsive to the other portions of your client's request, but not for any medical records until we receive a signed DA 5006 from your client. As we have previously received versions of the DA Form 5006 translated into the Arabic language, you should be aware that we require that the DA Form 5006 or a similar document to be written in English.

If you are not satisfied with my action on your request for expedited processing, you may submit an administrative appeal to James Hogan, Chief, Policy, Appeals and Litigation Branch, Office of Freedom of Information, 1155 Defense Pentagon, Washington, D.C. 20301-1155. Your appeal should be postmarked within 60 days of the date of this letter, should cite to case number 08-F-0416, and should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

for Will Kammer
Chief

Enclosure:
As stated

| MEDICAL RECORD | AUTHORIZATION FOR DISCLOSURE OF INFORMATION<br>For use of this form, see AR 40-66; the proponent agency is Office of The Surgeon General |
|---|---|

This form will not be used for authorization to disclose alcohol or drug abuse patient information from medical records or for authorization to disclose information from records of an alcohol or drug abuse treatment program. For authorization to disclose alcohol or drug abuse patient information, see 42 USC section 20dd, 42 CFR part 2, AR 40-66, and AR 600-85.

(Pursuant to the Privacy Act of 1974, 5 USC section 552a)

| PHYSICIAN OR MEDICAL TREATMENT FACILITY AUTHORIZED TO RELEASE INFORMATION | It is understood that this authorization may be revoked at any time, if requested in writing, except to the extent that action will have already been taken. |
|---|---|

**PATIENT DATA**

| NAME (Last, First, MI) | DATE OF BIRTH | SOCIAL SECURITY/IDENTIFICATION NUMBER |
|---|---|---|
| PERIOD OF TREATMENT (Month, Day, Year) | TYPE OF TREATMENT<br>☐ OUTPATIENT  ☐ INPATIENT  ☐ BOTH | |

RESTRICTIONS ON INFORMATION (Specify)

USE OF MEDICAL INFORMATION

☐ FURTHER MEDICAL CARE    ☐ INSURANCE CLAIM(S)    ☐ ATTORNEY    ☐ DISABILITY DETERMINATION

☐ OTHER (Specify)

**INFORMATION DESTINATION**

INDIVIDUAL OR ORGANIZATION TO WHOM INFORMATION SHOULD BE RELEASED (Name and Address)

(ANY DISCLOSURE OF MEDICAL RECORD INFORMATION BY THE RECIPIENT(S) IS PROHIBITED EXCEPT WHEN IMPLICIT IN THE PURPOSES OF THIS DISCLOSURE)

**RELEASE AUTHORIZATION**

| I hereby request and authorize the named physician/medical treatment facility to release the medical information described above to the named individual/organization indicated. | DATE |
|---|---|
| SIGNATURE OF PATIENT/PARENT/GUARDIAN | RELATIONSHIP TO PATIENT |

IMPRINT OF PATIENT IDENTIFICATION PLATE WHEN AVAILABLE

DA FORM 5006-R, OCT 81                                                                 USAPA V1.01