**FILED**

**APRIL 24, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **LOWELL SACHNOFF** and **ADAM R. CHISS,** | ) ) ) | |
| *On behalf of Guantánamo Bay prisoners Walid Ibrahim Mustafa Abu Hijazi, Maasoum Abdah Mouhammad, and Umar Hamzayavich Abdulayev,* | ) ) ) ) ) | Case No. 07 - CV- 6888 |
| Plaintiffs, | ) ) ) | Hon. Judge James F. Holderman |
| v. | ) ) | |
| **UNITED STATES DEPARTMENT OF DEFENSE,** | ) ) ) | |
| Defendant. | ) ) | |

## FIRST AMENDED COMPLAINT

Plaintiffs Lowell Sachnoff and Adam R. Chiss (collectively "Plaintiffs"), by their attorneys Reed Smith LLP, for their First Amended Complaint against the United States Department of Defense, state as follows:

### Introduction

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522 *et seq.*, seeking an order requiring the Defendant, the United States Department of Defense ("DOD" or "Defendant") and its components, to immediately produce agency records requested by the Plaintiff.

2.      On March 20, 2007, Plaintiffs submitted a FOIA request to the Department of Defense ("the FOIA Request").  (See FOIA Request, Mar. 20, 2007, Exhibit A.)   The FOIA Request was submitted on behalf of two men imprisoned at the United States Naval Station, Guantánamo Bay, Cuba ("Guantánamo"): Walid Ibrahim Mustafa Abu Hijazi (ISN 049) ("Mr.

Abu Hijazi") and Maasoum Abdah Mouhammad (ISN 300) ("Mr. Mouhammad").

3.        On December 11, 2007, Plaintiffs submitted a new FOIA request to DOD on behalf of Plaintiffs' newest Guantánamo detainee client, Umar Hamzayavich Abdulayev (ISN 257). (See FOIA Request, December 11, 2007, Ex. D.)

4.        The March and December 2007 FOIA Requests sought records pertaining to the ongoing imprisonment, without formal charges, of Mssrs. Abu Hijazi, Mouhammad, and Abdulayev (collectively, "the Detainee Requestors"), who are represented by Plaintiffs and their law firm on a *pro bono* basis.   Specifically, among other requests, the FOIA Requests sought: (i) records of how the Detainee Requestors came into the custody of the United States; (ii) records of the Detainee Requestors' treatment since coming into U.S. custody, including records regarding their mental and physical health; and (iii) records of any administrative, legal, or military proceedings involving either or both of the Detainee Requestors, including but not limited to records relating to interrogations and interviews of the Detainee Requestors..

5.        In a letter dated March 28, 2007 and described as an "interim response," Defendant denied Mssrs. Abu Hjijazi's and Mouhammad's request for expedited processing because it found that there was no "imminent loss of substantial due process rights and humanitarian need" pursuant to 32 C.F.R. § 286.4(d)(3)(iv). (See DOD Interim Response, Mar. 28, 2007, Exhibit B.)   Defendant also stated that it "will be unable to make a release determination on your request within the twenty-day statutory time period" and it would be "unable to estimate when the processing of this request will be completed." (Id.)

6.        On December 19, 2007, Defendant similarly denied Mr. Abdulayev's request for expedited processing because it found that there was no "imminent loss of substantial due process rights and humanitarian need" pursuant to 32 C.F.R. § 286.4(d)(3)(iv). (See DOD Interim Response, Dec. 19, 2007, Exhibit E.)   Defendant also stated that it "will be unable to

make a release determination on your request within the twenty-day statutory time period" and it would be "unable to estimate when the processing of this request will be completed." (Id.)

7.      Since Mssrs. Abu Hijazi's and Mouhammad's FOIA Request was made on March 20, 2007, and since Mr. Abdulayev's FOIA Request was made on December 11, 2007, Defendant, apart from documents produced in this litigation, failed to release even a single record to the Plaintiffs (not including records relating to Mssrs. Abu Hijazi and Mouhammad that were finally just released as part of this lawsuit in March 2008).

8.      To enforce Plaintiffs' right to gather information on behalf of the Detainee Requestors, who are otherwise without the ability to access public information and have been and continue to be subjected to abusive practices during their ongoing, indefinite, and illegal imprisonment at Guantánamo, Plaintiffs seek an order requiring Defendant to immediately process the March and December 2007 FOIA Requests and to release all records that have been unlawfully withheld.

## Jurisdiction and Venue

9.      This Court has jurisdiction over this action and these parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 552(a)(6)(E)(iii).  This Court also has jurisdiction over this action pursuant to 5 U.S.C. §§ 701-06 and 28 U.S.C. § 1331.

10.      Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## Parties

11.      Plaintiffs are attorneys at the law firm of Reed Smith LLP ("Reed Smith"), located  at 10 S. Wacker Drive, Chicago, Illinois.  They are each licensed to practice law in the State of Illinois and in this Court, and both reside within this judicial district.  Plaintiffs, along with their colleagues at Reed Smith, represent the Detainee Requestors on a *pro bono* basis.

12.     Defendant DOD is a Department of the Executive Branch of the United States Government, and is an agency within the meaning of 5 U.S.C. § 552(f)(1).  Defendant has held each of the three Detainee Requestors in its exclusive custody since 2002, when they each arrived at Guantánamo.

### Facts Giving Rise to Plaintiffs' Claims

13.     The first Detainee Requestor, Mr. Abu Hijazi, is a Palestinian man from Khan Yunis, Gaza.  Mr. Abu Hijazi has been imprisoned without formal charges in Guantánamo since January 2002, where he has endured harsh conditions, endless interrogations, physical and mental abuse, and prolonged isolation.

14.     Mr. Abu Hijazi has spent several periods of time in the mental health facility in Guantánamo.  While in the mental health facility, he has been administered numerous injections and pills against his will, which have made him feel heavily sedated and experience other uncomfortable states of consciousness.  He has also been force-fed by a nasal-gastric tube inserted against his will during a hunger strike that lasted twenty months in protest of the abusive interrogations he experienced while in the Defendant's custody.

15.     The second Detainee Requestor, Mr. Mouhammad, is a Syrian national.   Mr. Mouhammad has been imprisoned at Guantánamo since early 2002, where he too has endured harsh conditions, endless interrogations, physical and mental abuse, and prolonged isolation.

16.     The third Detainee Requestor, Mr. Abdulayev, is a Tajik national who fled his native country of Tajikistan in 1992, when a civil war erupted in that country after the collapse of the Soviet Union.  Since he and his family fled Tajikistan when he was thirteen years old, Mr. Abdulayev has lived, with his family, as a refugee in Afghanistan and Pakistan.  Mr. Abdulayev has been imprisoned at Guantánamo since 2002, where he too has endured harsh conditions, endless interrogations, physical and mental abuse, and prolonged isolation.

17.    Despite close to six years of internment and interrogation, the Detainee Requestors have not been charged with any offense by the United States nor notified of any pending or contemplated charges.

18.    The Detainee Requestors have challenged the legality of their ongoing executive detention, as well as the illegitimate findings that each is an "enemy combatant," through (i) the filing of petitions for writs of *habeas corpus* in the United States District Court for the District of Columbia (Mohammon et al. v. Bush et al., D.D.C., No. 05-2386, Dec. 21, 2005, in which each of the three Detainee Requestors are petitioners); and (ii) the filing of petitions with the D.C. Circuit Court of Appeals under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, §§ 1001-1006, 119 Stat. 2680, 2739-45 (enacted Dec. 30, 2005) ("DTA") for immediate release and expedited review of their Combatant Status Review Tribunal ("CSRT") determinations and for other relief.  (See Abu Hijazi v. Gates, D.C. Cir., No. 07-1266, July 9, 2007; Mouhammad v. Gates, D.C. Cir., No. 07-1267, July 9, 2007; Abulayev v. Gates, D.C. Cir. No 08-1112, Mar. 14, 2008).  The Detainee Requestors' petitions for *habeas corpus* and for relief under the DTA all remain pending in the courts.

### Mssrs. Abu Hijazi's and Mouhammad's March 2007 FOIA Request

19.    Pursuant to the Freedom of Information Act, on March 20, 2007, Plaintiffs submitted a written request, by overnight delivery, to the DOD Office of Freedom of Information seeking: all records regarding the capture and transport of Mssrs. Abu Hijazi and Mouhammad (see FOIA Request, Reqs. Nos. 1 and 2, Ex. A); records of communications with, interrogations and interviews of Mssrs. Abu Hijazi and Mouhammad prior to their transfer to the U.S. Government (id., Req. 3); records of any witness communications about Mssrs. Abu Hijazi and Mouhammad (id., Req. 4); records of communications between the U.S. Government and any foreign government concerning Mssrs. Abu Hijazi and Mouhammad (id., Req. 5); records

concerning all administrative, military or other proceedings conducted regarding Mssrs. Abu

Hijazi and Mouhammad (id., Req. 6);  records indicating that either Mssrs. Abu Hijazi or

Mouhammad has been adjudged not to be an "enemy combatant" (id., Req. 7); records indicating

that either Mssrs. Abu Hijazi or Mouhammad has been cleared for release or transfer (id., Req.

8); records containing any evidence or assertion that Mssrs. Abu Hijazi and Mouhammad are not

affiliated with any entity alleged to be a terrorist organization (id., Req. 9); records concerning

any physical or psychological abuse of Mssrs. Abu Hijazi and Mouhammad while in U.S.

custody (id., Req.10); medical records concerning Mssrs. Abu Hijazi and Mouhammad (id.,

Req.11); records of interviews with or interrogations of Mssrs. Abu Hijazi and Mouhammad

(id., Req.12); records concerning access or attempted access to Mssrs. Abu Hijazi and

Mouhammad by the Red Cross, or other non-governmental organizations (id., Reqs. 13, 14);

records concerning any contact or interaction between military personnel or special forces units

and Mssrs. Abu Hijazi and Mouhammad (id., Req. 15); records concerning any disciplinary

action taken against Guantánamo personnel in connection with Mssrs. Abu Hijazi and

Mouhammad (id., Req.16); records concerning information relating to Mssrs. Abu Hijazi and

Mouhammad supplied by the military or any intelligence officers (id., Reqs.17, 18); and records

containing statements made by other detainees or terrorist suspects in relation to Mssrs. Abu

Hijazi and Mouhammad (id., Req. 19).

      20.    Plaintiffs' FOIA Request sought expedited processing pursuant to 32 C.F.R. §

286.4(d)(3)(iv), which is warranted when there is an "imminent loss of substantial due process

rights."  Plaintiffs' FOIA Request noted that the denial of Mssrs. Abu Hijazi's and

Mouhammad's substantial due process rights was "not only imminent, but also present and

ongoing" in light of their five-year detention at Guantánamo without any formal charges, "during

which time they had been subjected to solitary and isolated confinement, interrogations, and degrading physical and psychological treatment." (See FOIA Request, Ex. A.)

21.    By letter dated March 28, 2007, from Will Kammer, Chief, Office of Freedom of Information and Security Review, DOD, Defense Pentagon, Washington, DC 20301-1155, Defendant informed Plaintiffs that DOD received the FOIA Request but that DOD was denying Plaintiffs' request for expedited processing. The letter, described as an "interim response," did not estimate when the processing of the FOIA Request would be complete due to the "complex" nature of it. (See Ex. B.)

22.    By letter dated May 8, 2007, from Phyllis D. Holden, Command FOIA Program Officer, U.S. Special Operations Command, MacDill Air Force Base, Florida ("USSOCOM"), a component of DOD, Defendant informed Plaintiffs that it had received the FOIA Request as a "referral from the Department of Defense Office of Freedom of Information for all information on" Mssrs. Abu Hijazi and Mouhammad. (See Exhibit C.).   The letter did not estimate when USSOCOM's processing of the FOIA Request would be complete but stated that "it is likely that processing your request will exceed the statutory 20-working day time limit." (Id.)

23.    Plaintiffs have not received any further communications from USSOCOM since May 8, 2007.

24.    Since the submittal of Plaintiffs' FOIA Request on March 18, 2007, Plaintiff Chiss has had several phone conversations with DOD FOIA "action officers" Aaron Graves and Jeanne Miller to inquire as to the status of the FOIA Request. In these telephone conversations, neither Mr. Graves nor Ms. Miller has ever been able to provide an estimate for when DOD's substantive response to the FOIA Request would be forthcoming, let alone the timing of DOD's production of any responsive documents.   In each of these telephone conversations, Mr. Chiss advised that Plaintiffs would be willing to accept documents on a rolling basis, though none were

produced absent the filing of this action.

25.    On or about June 11, 2007, Plaintiff Chiss transmitted to FOIA action officer Ms. Miller a signed authorization from Mr. Abu-Hijazi for the release of his medical records.    No medical records for either Mssrs. Abu Hijazi and Mouhammad have ever been produced.

26.    Plaintiff Chiss spoke with Ms. Miller by telephone on or about August 15, 2007 to follow-up yet again on the status of Mssrs. Abu Hijazi's and Mouhammad's FOIA Request. During that conversation, Mr. Chiss reminded Ms. Miller that Plaintiffs' FOIA Request had been pending, at that point, for nearly six months and that Plaintiffs' had submitted Mr. Abu-Hijazi's medical records release nearly two months earlier.    Ms. Miller advised Mr. Chiss that the FOIA Request was "in the queue" and that the request was "being processed," but that other requests were ahead of it.    Ms. Miller advised Mr. Chiss that she "couldn't promise that you'll get the documents anytime soon."    When Mr. Chiss advised Ms. Miller that this was unacceptable, and Plaintiffs may be forced to file a lawsuit, Ms. Miller said she "understood" and "would probably do the same thing" if she was in Plaintiffs' position.    Mr. Graves made similar comments to Mr. Chiss on May 29, 2007, when he advised that filing suit might result in a faster determination from DOD than just waiting for the processing of the Request.

27.    Since Plaintiff Chiss' conversation with Ms. Miller on August 15, 2007, Plaintiffs have received no further information from Defendant or any of its component agencies regarding Mssrs. Abu Hijazi's and Mouhammad's FOIA Request (not including communications Plaintiffs have had with opposing counsel in the U.S. Attorney's office in Chicago as part of this litigation).

### Mr. Abdulayev's December 2007 FOIA Request

28.    Pursuant to FOIA, on December 11, 2007, Plaintiffs submitted a written request, by overnight delivery, to the DOD Office of Freedom of Information on behalf of Mr.

- 8 -

Abdulayev.  (*See* FOIA Request, Dec. 11, 2007, Ex. D.)  The December 11, 2007 FOIA

Request sought the exact same categories of documents as Plaintiffs' March 20, 2007 FOIA

Request submitted on behalf of Mssrs. Abu Hijazi and Mouhammad.   The December 11, 2007

FOIA Request also sought expedited processing pursuant to 32 C.F.R. § 286(4)(d)(3)(iv).

29.    On December 19, 2007, Plaintiffs received a letter from the DOD Office of

Freedom of Information, described as an "interim response" to the December 11th FOIA

Request.  In the letter, DOD denied the request for expedited processing because it found that

there was no "imminent loss of substantial due process rights and humanitarian need" pursuant to

32 C.F.R. § 286.4(d)(3)(iv). (See DOD Interim Response, December 19, 2007, Ex. E.)   DOD

also stated that it "will be unable to make a release determination on your request within the

twenty-day statutory time period" and it would be "unable to estimate when the processing of

this request will be completed." (Id.)

30.    On April 1, 2008, Ms. Jeanne Miller. the FOIA action officer at DOD assigned to

Mr. Abdulayev's FOIA Request, called Plaintiff Chiss.  During that phone call, Ms. Miller

informed Mr. Chiss that she could not give an estimate as to when DOD would respond to the

December 11th FOIA Request or produce responsive documents.

31.    As of the date of this First Amended Complaint, Defendant still has not provided

an initial determination in response to Mssrs. Abu Hijazi's and Mouhammad's FOIA Request,

which was made more than twelve and a half months ago.

32.    As of the date of this First Amended Complaint, Defendant still has not provided

an initial determination in response to Mr. Abdulayev's FOIA Request, which was submitted

more than four months ago.

33.     As of the date of this First Amended Complaint, Defendant has neither requested from Plaintiffs any extensions of time nor indicated an anticipated date for a complete response to Plaintiffs' FOIA Requests.

34.     As of the date of this Amended Complaint, Defendant has produced no documents pursuant to Mr. Abdulayev's FOIA Request. Only as a result of the filing of the original Complaint, Defendant has produced some, but not all, responsive documents to Mssrs. Abu Hijazi's and Mouhammad's FOIA Request.

35.     By failing to respond substantively to any of Plaintiffs' requests within the statutory twenty-day period, Defendant has constructively denied those requests.

36.     Based on Defendant's delay in responding to Plaintiffs' FOIA Requests, and its failure to provide updates to Plaintiffs, it would be futile for Plaintiffs to file administrative appeals or to wait additional time to receive a substantive response from Defendant.

37.     Defendant has wrongfully withheld the requested records from Plaintiffs.

### COUNT I — DEFENDANT'S VIOLATION OF FREEDOM OF INFORMATION ACT

38.     Plaintiffs incorporate the allegations set forth in paragraphs 1 through 37 as if set forth fully herein.

39.     Because Defendant has failed to provide an initial determination within the applicable time limit, Plaintiffs are deemed to have exhausted their administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

40.     Pursuant to 5 U.S.C. § 552(a)(3), Plaintiffs have a right of access to the information and documents requested in their FOIA Request.

41.     Defendant has no legal basis for refusing to disclose this information and these documents to Plaintiffs. Defendant has unlawfully withheld the records requested by Plaintiffs.

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against Defendant DOD, and:

A.   declare that Defendant's refusal to release the records requested by Plaintiffs violates the Freedom of Information Act;

B.   enjoin and order Defendant to disclose the requested records in their entireties and to make copies available to Plaintiffs;

C.   provide for expeditious proceedings in this action as provided for by 28 U.S.C. § 1657;

D.   award Plaintiffs their costs and reasonable attorneys' fees incurred in this action as provided for by 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d); and

E.   grant them such other relief as the Court may deem just and proper.

Respectfully submitted,

**LOWELL SACHNOFF** and **ADAM R. CHISS,**
*Plaintiffs*

By: _s/ Adam R. Chiss_____
One of the Plaintiffs

Lowell Sachnoff
Matthew J. O'Hara
Adam R. Chiss
Brian C. Lewis
REED SMITH LLP
10 S. Wacker Drive
Chicago, IL 60606
312-207-1000

# EXHIBIT A

12/6/07 2:08 PM

# ReedSmith
# Sachnoff & Weaver

Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL 60606-7507
312.207.1000
Fax 312.207.6400
Direct Fax: 312.207.6400

**Adam R. Chiss**
Direct Phone: 312.207.2414
Email: achiss@reedsmith.com

March 20, 2007

**VIA FEDERAL EXPRESS**

Ms. Karen M. Finnegan
Office of Freedom of Information
Department of Defense
1155 Defense Pentagon
Washington, DC 20301-1155

Re:    **Freedom of Information Act Request**
       **Expedited Processing Requested**

Dear Ms. Finnegan:

This letter constitutes a request for records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*, and corresponding regulations. This request is submitted by the undersigned on behalf of the following two individuals (collectively, "Detainee Requestors") who are presently detained at Guantanamo Bay Naval Base, Cuba ("Guantanamo"): (i) Walid Ibrahim Mustafa Abu Hijazi (ISN 049), a/k/a Assem Matruq Mohammad Al Aasmi, a/k/a Mohammed Al Palestini and (ii) Maasoum Abdah Mouhammad (ISN 330), a/k/a Bilal LNU.

## I.    Records Sought

Detainee Requestors seeks all records[1] in any way relating to, pertaining to, or mentioning the Detainee Requestors, including without limitation, all records concerning the U.S. Government's custody and interrogations of them. Detainee Requestors also seek the following records:

1.    Records concerning the capture of the Detainee Requestors and their transfer to Guantanamo or to any other detention facility under U.S. control;

---

[1] As used in this letter, "records" refers to all records as defined by the FOIA, 5 U.S.C. § 552(f)(2) and by 32 C.F.R. § 286.3, including but not limited to, existing memoranda, agreements, notes, orders, policies, procedures, protocols, written or email correspondence, faxes, files, reports, rules, technical manuals, technical specifications, training manuals, studies, analyses, audio or video recordings, transcripts of such recordings, data, papers, guidance, guidelines, evaluations, instructions, photographs, films, recordings, books, accounts, communications and all retrievable information in computer storage, regardless of form of the record as a digital, audio, written, video or other record.

NEW YORK ♦ LONDON ♦ CHICAGO ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND

MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

r e e d s m i t h . c o m

CHILIB-948546.1-A1 3/20/07 11:25 AM

Ms. Karen M. Finnegan
March 20, 2007
Page 2

2.  Records concerning the transport of Detainee Requestors to Guantanamo, including but not limited to records of the transport itinerary, duration of the flight, and all measures taken with respect to physically securing Requestors during transport;

3.  Records of communications with, interrogations and interviews of (referred to collectively as "interrogations") Detainee Requestors while they were in custody of any foreign government prior to their transfer to the U.S. Government;

4.  Records of communications with, statements made by, and interrogations of any person or witness who provided information about the Detainee Requestors prior to their capture and/or detention by the U.S. Government or any foreign government;

5.  Correspondence and records, including but not limited to notes, emails, and telephone records of communications between the U.S. Government and any foreign government concerning Detainee Requestors;

6.  Records concerning all administrative, military, or other proceedings conducted regarding the Detainee Requestors, including any memoranda, submissions, transcripts, summaries, factual or legal findings, or any other documents associated with hearings before any Combatant Status Review Tribunal ("CSRT") or Administrative Review Board ("ARB");

7.  Records indicating that either of the Detainee Requestors has, at any time, been adjudged not to be enemy combatants, or to be "no longer enemy combatants" by a CSRT, ARB, or any other panel, tribunal, person or entity;

8.  Records indicating that either of the Detainee Requestors has, at any time, been cleared for release or transfer from Guantanamo by an ARB, or any other panel, tribunal, person, or entity;

9.  Records containing any assertion, evidence, or conclusion that the Detainee Requestors are not affiliated with any entity alleged to be a terrorist organization;

10. Records concerning any physical or psychological abuse of the Detainee Requestors while in U.S. custody, including:

    a.  Records concerning physical or psychological conditions used to elicit cooperation from, or to punish, the Detainee Requestors, including, but not limited to: use of shackles; solitary confinement; withholding or damaging the Koran; use of psychoactive drugs; modulation of temperature; withholding of food or water; force-feeding; exposure to weather elements; use of straight jackets; use of dogs to intimidate and/or coerce or attack; threatening the well-being of the Detainee Requestors' families or otherwise intimating that their

Ms. Karen M. Finnegan
March 20, 2007
Page 3

families would be harmed; cavity searches; forcing the Detainee Requestors to hold specific body positions for extended period of time; sleep deprivation; sensory deprivation or sensory overload, e.g., by exposure to very bright lights at night, by exposure to loud music or noise; or withholding communications to or from the Detainee Requestors' families;

b.  Records concerning treatment of the Detainee Requestors by interrogators, including but not limited to, any plans, instructions, orders, guidance or procedures governing interrogations, and any records of any person objecting to or refusing to comply with such instructions;

11.  Medical records and information concerning the Detainee Requestors, including, without limitation:

a.  Records and information concerning the physical condition of the Detainee Requestors;

b.  Records of any medical conditions experienced by the Detainee Requestors;

c.  Records of any medical and/or psychiatric treatments provided, requested, or denied while in U.S. custody;

d.  Records of the mental health or psychological conditions of the Detainee Requestors;

e.  Records concerning the identities of every person who has or did have any responsibility to observe, record, address, cure, modulate, monitor, or in any way reflect upon the physical or mental health conditions of Requestors;

f.  Records concerning any procedures, instructions, orders, or guidance provided to medical personnel with respect to their duties at Guantanamo;

12.  Records of interviews with or interrogations of the Detainee Requestors conducted by the United States, any foreign government, or any other person or entity, including but not limited to:

a.  Records containing statements made by the Detainee Requestors;

b.  Records containing notes or transcriptions of the interviews or interrogations;

c.  Any photographs, video, audio, digital or other contemporaneous recordings of the interviews or interrogations;

d.  Records of the conditions to which the Detainee Requestors were subjected during the interviews or interrogations;

Ms. Karen M. Finnegan
March 20, 2007
Page 4

    e. Records concerning the mental or physical condition of the Detainee Requestors during or after the interviews or interrogations;

    f. Records concerning any interaction the Joint Intelligence Group at Guantanamo had with the Detainee Requestors;

    g. Records containing, or in any way relating or referring to, information provided by or obtained by the Detainee Requestors;

13. Records concerning access to the Detainee Requestors requested by, or granted or denied to, any foreign government, non-government organization ("NGO"), or any other entity or person;

14. Records concerning any contact, communication, or interaction between the International Committee for the Red Cross ("Red Cross"), or any other NGO, and the Detainee Requestors, including but not limited to, records related to decisions to either grant or deny the Red Cross access to any of the Detainee Requestors;

15. Records concerning any contact, communication, or interaction between any military personnel or special forces unit, and the Detainee Requestors, including, without limitation:

    a. Records concerning any contact or interaction between the Extreme Reaction Force ("ERF") or the Immediate Response Force ("IRF") in Guantanamo and the Detainee Requestors;

    b. Records concerning any disciplinary action or punishment against the Detainee Requestors;

16. Records concerning any investigation of or disciplinary action taken against any guard, military police, intelligence officer, military personnel, or civilian in connection with the Detainee Requestors;

17. Records containing information relating to the Detainee Requestors supplied by military police, the Joint Detention Operations Group, or other entities or persons who monitor detainees in Guantanamo;

18. Records containing information relating to the Detainee Requestors supplied by intelligence officers, interrogators at Guantanamo, or the Joint Intelligence Group; and;

19. Records containing statements made by other Guatanamo detainees or terrorist suspects about the Detainee Requestors.

Ms. Karen M. Finnegan
March 20, 2007
Page 5

## II.    Detainee Requestors Are Entitled to Expedited Processing

Expedited processing of a FOIA request is warranted when there is an "imminent loss of substantial due process rights and humanitarian need." 32 C.F.R. § 286.4(d)(3)(iv). Here the denial of the Detainee Requestors' substantial due process rights is not only imminent, but also present and ongoing. The Detainee Requestors have each been detained in Guantanamo without any legitimate due process for approximately five years, during which time they have been subjected to solitary and isolated confinement, interrogations, and degrading physical and psychological treatment. (*See* Declaration of Adam R. Chiss In Support of Request for Expedited Processing, attached hereto.)

The Detainee Requestors expect that the Department of Defense ("DoD") will provide a notice of its determination as to whether to grant expedited processing of this request for records within ten calendar days, and notice of its determination of whether it will comply with the request within twenty working days, of the receipt of this letter. *See* 32 C.F.R. §§ 286.4(d)(1), (3); 5 U.S.C. § 552(a)(6)(A)(i).

We understand that your office is coordinating FOIA requests for records relating to Guantanamo detainees, and accordingly has custody or control of the documents requested in this letter. If your office does not have custody or control of the requested document, I request prompt notice of their current location.

FOIA and DoD implementing regulations provide that if some parts of records containing the requested information are exempt from mandatory disclosure, then non-exempt materials shall be disclosed after the exempt materials have been deleted. *See* 5 U.S.C. § 552(b); 32 C.F.R. § 286.23(d). Thus, if you determine that some portion of a record that is responsive to this request is exempt from mandatory disclosure, please provide a copy of the remainder of the record. Additionally, if you determine that some or all of the requested records are exempt from disclosure, please provide a list or index of the records withheld, the exemption relied upon, an estimate of the volume of records denied, and the reasons why a discretionary release of the records would not be appropriate under DoD implementing regulations and the agency's FOIA policy. *See* 32 C.F.R. § 286.23(e).

Pursuant to FOIA, the Requestor Detainees, through their counsel, promise to pay reasonable charges incurred under the regulations for search and copying of the requested documents, upon presentation of an invoice along with the requested documents. If search and copying fees are estimated, in the aggregate, to exceed $5,000, please contact the undersigned for agreement to incur such charges.

Lastly, the undersigned and my two colleagues, Matthew J. O'Hara and Lowell Sachnoff, have each been granted Secret level clearances by the Department of Justice and have been investigated as if applying for Top Secret level clearances. Accordingly, we have been cleared to access certain Classified information and will agree to review any responsive documents to this FOIA request that are deemed Classified at a secure facility.

Ms. Karen M. Finnegan
March 20, 2007
Page 6


Thank you very much for your consideration of this request. Please direct all future responses to my attention at:

Adam R. Chiss
Reed Smith LLP
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606
312.207.2414 (direct phone)
312.207.6400 (facsimile)

If you need to reach someone by telephone about this request, you may also contact my colleague, Matthew J. O'Hara at (312) 207-6516.


Very truly yours,


Adam R. Chiss
For and on behalf of Reed Smith Sachnoff &
Weaver

ARC:dr

cc:    Lowell Sachnoff, Esq.
       Matthew J. O'Hara, Esq.

**DECLARATION OF ADAM R. CHISS**
**IN SUPPORT OF REQUEST FOR EXPEDITED PROCESSING**

I, Adam R. Chiss, declare pursuant to 5 U.S.C. § 552 and 32 C.F.R. § 286.4(d)(3)(iv):

1. I am an associate at the law firm Reed Smith Sachnoff & Weaver, 10 South Wacker Drive, Chicago, Illinois, 60606. I submit this declaration in support of the Freedom of Information Act Request filed today on behalf of myself and (i) Walid Ibrahim Mustafa Abu Hijazi (ISN 049), a/k/a Assem Matruq Mohammad Al Aasmi, a/k/a Mohammed Al Palestini and (ii) Maasoum Abdah Mouhammad (ISN 330), a/k/a Bilal LNU .

2. I currently represent Messrs. Abu Hijazi and Mouhammad (collectively, "the Detainee Requestors") in habeas corpus actions filed in federal district court, which challenge the continued detention of the Detainee Requestors in Guantanamo Bay Naval Base, Cuba ("Guantanamo") as unlawful and unconstitutional.

3. The United States Military has denied and continues to deny the Detainee Requestors' substantial due process rights. The Detainee Requestors have been detained by the U.S. Military in Guantanamo for approximately five years without any legitimate legal process, during which period they have been subjected to solitary and isolated confinement, interrogation and degrading physical and psychological treatment.

I hereby declare that the foregoing is true and correct to the best of my knowledge.

Executed in Chicago, Illinois on March 20, 2007.

Adam R. Chiss
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Suite 4000
Chicago, IL 60606
312.207.2414
312.207.6400 - Fax

CHILIB-948640.1-A1 3/20/07 12:59 PM

# EXHIBIT B



**DEPARTMENT OF DEFENSE**
OFFICE OF FREEDOM OF INFORMATION
1155 DEFENSE PENTAGON
WASHINGTON, DC 20301-1155      **2 8 MAR 2007**

Ref: 07-F-1300

Mr. Adam R. Chiss
Reed Smith Sachnoff & Weaver
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606

Dear Mr. Chiss:

This is an interim response to your Freedom of Information Act (FOIA) request dated March 20, 2007, on behalf of Walid Ibrahim Mustafa Abu Hijazi (ISN 049), a/k/a Assem Matruq Mohammad Al Aasami, a/k/a Mohammed Al Palestini and Maasoum Abdah Mouhammad (ISN 330), a/k/a Bilal LNU. You have requested records relating to, pertaining to, or mentioning these individuals. Specifically, you have identified nineteen separate categories of records that you are seeking. You have also requested expedited processing of this request pursuant to 32 C.F.R. § 286.4(d)(3)(iv) and have agreed to pay reasonable charges incurred for searching and copying up to the limit of $5,000. We received your request on March 21, 2007, and assigned it FOIA case number 07-F-1300.

In requesting expedited processing you are asking that this request be placed ahead of all requests that were received before your request. You have requested expedited processing on the basis of an "imminent loss of substantial due process rights and humanitarian need" pursuant to 32 C.F.R. § 286.4(d)(3)(iv). You state that the "Detainee Requestors have each been detained in Guantanamo without any legitimate legal process for a period ranging from three to five years, during which time they have been subjected to solitary and isolated confinement, interrogations and degrading physical and psychological treatment." After carefully considering your request for expedited processing, I have determined that your request does not meet the criteria of the above mentioned DoD standards for expedited processing; therefore, this request is denied. As you may know, certain detainee-related documents can be found at http://www.dod.mil/pubs/foi/detainees/index.html.

I have determined that you should be placed in the "other" category for fee purposes, which affords you two hours of search time and 100 pages of duplication free of charge. Subsequent processing will be assessed at the established DoD fee rates of: clerical search time--$20 per hour; professional search time--$44 per hour; executive search time--$75 per hour; computer search time-- $20.00 per hour for clerical search and $40.00 per hour executive computer search, and document reproduction at $0.15 per

page. You have stated that you are willing to pay reasonable charges incurred for search and copying, but you have advised that you wish to be contacted if such fees are estimated to, in the aggregate, exceed $5,000.

Your request is a complex request that will most likely involve a large volume of material, some of which may be classified, that is located in numerous Department of Defense (DoD) components and agencies, and will require multiple levels of review. Accordingly, this Office will be unable to make a release determination on your request within the twenty-day statutory time period. This Office processes requests on a first-in, first-out basis, therefore, this request has been placed in the complex case processing queue. I apologize for the anticipated delay in responding to your request, but due to the complexity of the request this Office is unable to estimate when the processing of this request will be completed.

You have also requested that this Office provide "a list or index of the records withheld, the exemption relied upon, an estimate of the volume of records denied, and the reasons why a discretionary release of the records would not be appropriate under DoD implementing regulations and the agency's FOIA policy. See 32 C.F.R. § 286.23(e)." I have interpreted this request as one for a *Vaughn* index pursuant to Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973). It is well settled that a requester is not entitled to receive a *Vaughn* index during the administrative process. See Schwarz v. United States Dep't of Treasury, 131 F. Supp.2d 142, 147 (D.D.C. 2000). Accordingly, this request is denied.

You have requested records that would contain medical information; therefore, we will need a completed and signed "Authorization for Disclosure of Information," DA Form 5006 (copy enclosed), from your clients. The DA Form 5006 must be received by this Office before we will process this portion of this FOIA request. We will initiate a search for records responsive to the other portions of your clients' request, but not for any medical records until we receive a signed DA 5006 for each of your clients.

You have also stated that you and two colleagues have each been granted Secret level clearances by the Department of Justice and have been investigated as if applying for Top Secret level clearances. You state that you have been cleared to access certain classified information and will agree to review any responsive documents to this FOIA request that are deemed classified at a secure facility. In light of the fact that you have requested access to your clients' records under the FOIA, this Office is required to process any responsive records in accordance with the FOIA and DoD regulations. The fact that you and your colleagues have been granted security clearances by the Department of Justice has no impact on the FOIA administrative process.

If you are not satisfied with my action on your request for expedited processing, you may submit an administrative appeal to James Hogan, Chief, Policy, Appeals and Litigation Branch, Office of Freedom of Information, 1155 Defense Pentagon, Washington, D.C. 20301-1155.  Your appeal should be postmarked within 60 days of the date of this letter, should cite to case number 07-F-1300, and should be clearly marked "Freedom of Information Act Appeal."

                          Sincerely,



                    for    Will Kammer
                           Chief

Enclosure:
As stated

| MEDICAL RECORD | AUTHORIZATION FOR DISCLOSURE OF INFORMATION |
|---|---|
| | For use of this form, see AR 40-66; the proponent agency is Office of The Surgeon General. |

This form will not be used for authorization to disclose alcohol or drug abuse patient information from medical records or for authorization to disclose information from records of an alcohol or drug abuse treatment program. For authorization to disclose alcohol or drug abuse patient information, see 42 USC section 290dd, 42 CFR part 2, AR 40-66, and AR 600-85.

**(Pursuant to the Privacy Act of 1974, 5 USC section 552a)**

| PHYSICIAN OR MEDICAL TREATMENT FACILITY AUTHORIZED TO RELEASE INFORMATION | It is understood that this authorization may be revoked at any time, if requested in writing, except to the extent that action will have already been taken. |
|---|---|

**PATIENT DATA**

| NAME  *(Last, First, MI)* | DATE OF BIRTH *(YYYYMMDD)* | SOCIAL SECURITY/IDENTIFICATION NUMBER |
|---|---|---|

| *PERIOD OF TREATMENT  (YYYYMMDD to YYYYMMDD)*<br>TO | TYPE OF TREATMENT<br>☐ OUTPATIENT    ☐ INPATIENT    ☐ BOTH |
|---|---|

RESTRICTIONS ON INFORMATION  *(Specify)*

USE OF MEDICAL INFORMATION

☐ FURTHER MEDICAL CARE    ☐ INSURANCE CLAIM(S)    ☐ ATTORNEY    ☐ DISABILITY DETERMINATION
☐ OTHER  *(Specify)*

**INFORMATION DESTINATION**

INDIVIDUAL OR ORGANIZATION TO WHOM INFORMATION SHOULD BE RELEASED  *(Name and Address)*

*(ANY DISCLOSURE OF MEDICAL RECORD INFORMATION BY THE RECIPIENT(S) IS PROHIBITED EXCEPT WHEN IMPLICIT IN THE PURPOSES OF THIS DISCLOSURE)*

**RELEASE AUTHORIZATION**

| I hereby request and authorize the named physician/medical treatment facility to release the medical information described above to the named individual/organization indicated. | DATE *(YYYYMMDD)* |
|---|---|
| SIGNATURE OF PATIENT/PARENT/GUARDIAN | RELATIONSHIP TO PATIENT |

IMPRINT OF PATIENT IDENTIFICATION PLATE WHEN AVAILABLE

**DA FORM 5006, FEB 2003**    DA FORM 5006-R, NOV 1996, IS OBSOLETE.    USAPA  V1.00

# EXHIBIT C



# UNITED STATES SPECIAL OPERATIONS COMMAND
7701 TAMPA POINT BOULEVARD
MACDILL AIR FORCE BASE, FLORIDA 33621-5323

8 May 2007

Command Freedom of Information/Privacy Act Division

Mr. Adam R. Chiss
Reed Smith LLP
10 South Wacker Drive. 40th Floor
Chicago, Illinois  60606

Dear Mr. Chiss:

   We received your Freedom of Information Act (FOIA) request as a referral from the Department of Defense Office of Freedom of Information for all information on Walid Ibrahim Mustafa Abu Hijazi, a/k/a Assem Matruq Mohammad Al Aasmi, a/k/a Mohammed Al Palestini and Maasoum Abdah Mohammad, a/k/a Bilal LNU currently detained at Guantanamo Bay Naval Base, Cuba.

   We have assigned your United States Special Operations Command (USSOCOM) FOIA control number 2007-107 and is being processed in accordance with procedural requirements promulgated in DoD Regulation 5400.7-R which is available on the Internet at:  http://www.defenselink.mil/pubs/foi/.  Please refer to this number should you have any questions concerning your request.  The actual processing time will depend upon its complexity, whether it involves sensitive records, voluminous records, extensive searches, consultation among DoD components or other agencies, and our administrative workload, approximately 180 cases.

   Because you have agreed to pay processing fees, we will begin to process your FOIA request.  You have been placed in the "All Others" category for fee purposes.  According to the FOIA, "All Others" category requesters are obligated to pay for all assessable search fees (if more than 2 hours) involved in the processing of their request.  Established DoD fees are:  clerical search, $20 per hour; professional search, $44 per hour; executive search, $75 per hour and office copy reproduction, $0.15 per page (after the first 100 pages. You have agreed to the amount of $5000.00.  We will advise you should the costs exceed that amount.

   The USSOCOM FOIA Office processes requests in a multi-track processing system based on the date of receipt and the amount of work and time involved in processing each request.  It is likely that processing your request will exceed the statutory 20-working day time limit.  It is possible that narrowing the scope of your request may result in a shorter processing time.



**Proven • Vigilant • Prepared**
in the past        today        for the future

If you wish to discuss this or have any other questions or concerns, please contact me at FOIA@socom.mil.

Sincerely,

Phyllis D. Holden
Command FOIA Program Officer

# EXHIBIT D



ReedSmith
Sachnoff&Weaver

Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL 60606-7507
312.207.1000
Fax 312.207.6400
Direct Fax: 312.207.6400

Adam R. Chiss
Direct Phone: 312.207.2414
Email: achiss@reedsmith.com

December 11, 2007

## VIA UPS OVERNIGHT DELIVERY AND ELECTRONIC DELIVERY

Office of Freedom of Information
U.S. Department of Defense
1155 Defense Pentagon
Room 3C843 (OSD Mail Room)
Washington DC 20301-1155

Re:    **Freedom of Information Act Request: Expedited Processing Requested**

To Whom It May Concern:

     This letter constitutes a request for records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*, and corresponding regulations. This request is submitted by the undersigned on behalf of Abdullah Bo Omer Hamza Yoyej, a/k/a Omar Hamzayavich Abdulayev (ISN 257) (hereinafter the "Detainee Requestor"), who is presently imprisoned at Guantanamo Bay Naval Base, Cuba ("Guantanamo"):

### I.    Records Sought

     Detainee Requestor seeks all records[1] in any way relating to, pertaining to, or mentioning the Detainee Requestor, including without limitation, all records concerning the U.S. Government's custody and interrogations of him. Detainee Requestor also seeks the following records:

    1.    Records concerning the capture of Detainee Requestor and his transfer to Guantanamo or to any other detention facility under U.S. control;

    2.    Records concerning the transport of Detainee Requestor to Guantanamo, including but not limited to records of the transport itinerary, duration of the

---

[1] As used in this letter, "records" refers to all records as defined by the FOIA, 5 U.S.C. § 552(f)(2) and by 32 C.F.R. § 286.3, including but not limited to, existing memoranda, agreements, notes, orders, policies, procedures, protocols, written or email correspondence, faxes, files, reports, rules, technical manuals, technical specifications, training manuals, studies, analyses, audio or video recordings, transcripts of such recordings, data, papers, guidance, guidelines, evaluations, instructions, photographs, films, recordings, books, accounts, communications and all retrievable information in computer storage, regardless of form of the record as a digital, audio, written, video or other record.

NEW YORK ♦ LONDON ♦ CHICAGO ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND

MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

r e e d s m i t h . c o m

December 11, 2007
Page 2

flight, and all measures taken with respect to physically securing Detainee Requestor during transport;

3.     Records of communications with, statements made by, and interrogations of any person or witness who provided information about the Detainee Requestor prior to his capture and/or detention by the U.S. Government or any foreign government;

4.     Correspondence and records, including but not limited to notes, emails, and telephone records of communications between the U.S. Government and any foreign government concerning Detainee Requestor;

5.     Records concerning all administrative, military, or other proceedings conducted regarding the Detainee Requestor, including any memoranda, submissions, transcripts, summaries, factual or legal findings, or any other documents associated with hearings before any Combatant Status Review Tribunal ("CSRT") or Administrative Review Board ("ARB"), including records indicating that the Detainee Requestor has, at any time, been cleared for release or transfer from Guantanamo by an ARB, or any other panel, tribunal, person, or entity;

6.     Records indicating that the Detainee Requestor has, at any time, been adjudged not to be an enemy combatant, or to be "no longer an enemy combatant" by a CSRT, ARB, or any other panel, tribunal, person or entity;

7.     Records concerning any physical or psychological abuse of the Detainee Requestor while in U.S. custody, including:

   a.   Records concerning physical or psychological conditions used to elicit cooperation from, or to punish, the Detainee Requestor, including, but not limited to: use of shackles; solitary confinement; withholding or damaging the Koran; use of psychoactive drugs; modulation of temperature; withholding of food or water; force-feeding; exposure to weather elements; use of straight jackets; use of dogs to intimidate and/or coerce or attack; threatening the well-being of the Detainee Requestor's family or otherwise intimating that their families would be harmed; cavity searches; forcing the Detainee Requestor to hold specific body positions for extended period of time; sleep deprivation; sensory deprivation or sensory overload, e.g., by exposure to very bright lights at night, by exposure to loud music or noise; or withholding communications to or from the Detainee Requestor's family;

   b.   Records concerning treatment of the Detainee Requestor by interrogators, including but not limited to, any plans, instructions, orders, guidance or procedures governing interrogations, and any records of any person objecting to or refusing to comply with such instructions;

8.     Medical records and information concerning the Detainee Requestor, including, without limitation:

December 11, 2007
Page 3

    a. Records and information concerning the physical condition of the Detainee Requestor;

    b. Records of any medical conditions experienced by the Detainee Requestor;

    c. Records of any medical, psychological, and/or psychiatric treatments provided, requested, or denied while in U.S. custody, including but not limited to

    d. Records of the mental health or psychological conditions of the Detainee Requestors;

    e. Records concerning the identities of every person who has or did have any responsibility to observe, record, address, cure, modulate, monitor, or in any way reflect upon the physical or mental health conditions of the Detainee Requestor;

    f. Records concerning any procedures, instructions, orders, or guidance provided to medical personnel with respect to their duties at Guantanamo;

9. Records of interviews with or interrogations of the Detainee Requestor conducted by the United States, any foreign government, or any other person or entity, including but not limited to:

    a. Records containing statements made by the Detainee Requestor;

    b. Records containing notes or transcriptions of the interviews or interrogations;

    c. Any photographs, video, audio, digital or other contemporaneous recordings of the interviews or interrogations;

    d. Records of the conditions to which the Detainee Requestor was subjected during the interviews or interrogations;

    e. Records concerning the mental or physical condition of the Detainee Requestor during or after the interviews or interrogations;

    f. Records concerning any interaction the Joint Intelligence Group at Guantanamo had with the Detainee Requestor;

    g. Records containing, or in any way relating or referring to, information provided by or obtained by the Detainee Requestor;

10. Records concerning access to the Detainee Requestor requested by, or granted or denied to, any foreign government, non-government organization ("NGO"), or any other entity or person;

December 11, 2007
Page 4

11.  Records concerning any contact, communication, or interaction between the International Committee for the Red Cross ("Red Cross"), or any other NGO, and the Detainee Requestors, including but not limited to, records related to decisions to either grant or deny the Red Cross access to any of the Detainee Requestors;

12.  Records concerning any contact, communication, or interaction between any military personnel or special forces unit, and the Detainee Requestor, including, without limitation:

a.  Records concerning any contact or interaction between the Extreme Reaction Force ("ERF") or the Immediate Response Force ("IRF") in Guantanamo and the Detainee Requestor;

b.  Records concerning any disciplinary action or punishment against the Detainee Requestor;

13.  Records concerning any investigation of or disciplinary action taken against any guard, military police, intelligence officer, military personnel, or civilian in connection with the Detainee Requestor;

14.  Records containing information relating to the Detainee Requestor supplied by military police, the Joint Detention Operations Group, or other entities or persons who monitor detainees in Guantanamo;

15.  Records containing information relating to the Detainee Requestor supplied by intelligence officers, interrogators at Guantanamo, or the Joint Intelligence Group; and

16.  Records containing statements made by other Guantanamo detainees or alleged terrorist suspects about the Detainee Requestor.

**II.     Detainee Requestor Is Entitled to Expedited Processing**

Expedited processing of a FOIA request is warranted when there is an "imminent loss of substantial due process rights and humanitarian need." 32 C.F.R. § 286.4(d)(3)(iv). Here the denial of Detainee Requestor's substantial due process rights is not only imminent, but also present and ongoing. Detainee Requestor has been detained in Guantanamo without any legitimate due process for over five years, during which time he has been subjected to solitary and isolated confinement, interrogations, and degrading physical and psychological treatment.

Detainee Requestor expects that the Department of Defense ("DoD") will provide a notice of its determination as to whether to grant expedited processing of this request for records within ten calendar days, and notice of its determination of whether it will comply with the request within twenty working days, of the receipt of this letter. *See* 32 C.F.R. §§ 286.4(d)(1), (3); 5 U.S.C. § 552(a)(6)(A)(i).

We understand that your office is coordinating FOIA requests for records relating to Guantanamo detainees, and accordingly has custody or control of the documents requested in this letter. If your office does not have custody or control of the requested document, I request

December 11, 2007
Page 5

that you forward this Request to all relevant DOD components and provide me prompt notice of their current location.

FOIA and DoD implementing regulations provide that if some parts of records containing the requested information are exempt from mandatory disclosure, then non-exempt materials shall be disclosed after the exempt materials have been deleted. *See* 5 U.S.C. § 552(b); 32 C.F.R. § 286.23(d). Thus, if you determine that some portion of a record that is responsive to this request is exempt from mandatory disclosure, please provide a copy of the remainder of the record. Additionally, if you determine that some of all of the requested records are exempt from disclosure, please provide a list or index of the records withheld, the exemption relied upon, an estimate of the volume of records denied, and the reasons why a discretionary release of the records would not be appropriate under DoD implementing regulations and the agency's FOIA policy. *See* 32 C.F.R. § 286.23(e).

Pursuant to FOIA, the Requestor Detainees, through their counsel, promise to pay reasonable charges incurred under the regulations for search and copying of the requested documents, upon presentation of an invoice along with the requested documents. If search and copying fees are estimated, in the aggregate, to exceed $5,000, please contact the undersigned for agreement to incur such charges.

Thank you very much for your consideration of this request. Please direct all future responses to my attention at:

> Adam R. Chiss
> Reed Smith LLP
> 10 S. Wacker Drive
> Chicago, IL 60606
> 312.207.2414 (direct phone)
> 312.207.6400 (facsimile)

If you need to reach someone by telephone about this request, you may also contact my colleagues Matthew J. O'Hara at (312) 207-6516, Brian Lewis at (312) 207-6439, or Lowell Sachnoff at (312) 207-6485.

Very truly yours,

Adam R. Chiss
One of the Attorneys for Abdullah Bo Omer
Hamza Yoyej a/k/a Omar Hamzayavich
Abdulayev (ISN 257)

cc:    Lowell Sachnoff, Esq.
       Matthew J. O'Hara, Esq.
       Brian Lewis, Esq.

# EXHIBIT E

4/15/08 9:38 AM



**DEPARTMENT OF DEFENSE**
OFFICE OF FREEDOM OF INFORMATION
**1155 DEFENSE PENTAGON**
**WASHINGTON, DC 20301-1155**

1 9 DEC 2007

Ref: 08-F-0416

Mr. Adam R. Chiss
Reed Smith Sachnoff & Weaver
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606

Dear Mr. Chiss:

    This is an interim response to your Freedom of Information Act (FOIA) request dated December 11, 2007, "on behalf of Abdullah Bo Omer Hamza Yoyej, a/k/a Omar Hamzayavich Abdulayev (ISN 257)(hereinafter the "Detainee Requestor"), who is presently imprisoned at Guantanamo Bay Naval Base, Cuba ("Guantanamo")". You have requested records in any way relating to, pertaining to, or mentioning the Detainee Requestor, including without limitation, all records concerning the U.S. Government's custody and interrogations of him. Specifically, you have identified sixteen separate categories of records that you are seeking. You have also requested expedited processing of this request pursuant to 32 C.F.R. § 286.4(d)(3)(iv) and have agreed to pay reasonable charges incurred for searching and copying up to the limit of $5,000. We received your request on December 12, 2007, and assigned it FOIA case number 08-F-0416.

    In requesting expedited processing you are asking that this request be placed ahead of all requests that were received before your request. You have requested expedited processing on the basis of an "imminent loss of substantial due process rights and humanitarian need" pursuant to 32 C.F.R. § 286.4(d)(3)(iv). You state that the "Detainee Requestor has been detained in Guantanamo without any legitimate legal process for a over five years, during which time he has been subjected to solitary and isolated confinement, interrogations and degrading physical and psychological treatment." After carefully considering your request for expedited processing, I have determined that your request does not meet the criteria of the above mentioned DoD standards for expedited processing; therefore, this request is denied. As you may know, certain detainee-related documents can be found at http://www.dod.mil/pubs/foi/detainees/index.html. Specifically, you will find Detainee Hospital Guantanamo Bay Cuba Standard Operating Procedures documents which would be responsive to Item 8f of your request.

    I have determined that you should be placed in the "other" category for fee purposes, which affords you two hours of search time and 100 pages of duplication free of charge. Subsequent processing will be assessed at the established DoD fee rates of: clerical search time--$20 per hour; professional search time--$44 per hour; executive search time--$75 per hour and document reproduction at $0.15 per page. You have stated that you are willing to pay reasonable charges incurred for search and copying, but you have advised that you wish to be contacted if such fees are estimated to, in the aggregate, exceed $5,000.

Your request is a complex request that will most likely involve a large volume of material, some of which may be classified, that is located in numerous Department of Defense (DoD) components and agencies, and will require multiple levels of review. Accordingly, this Office will be unable to make a release determination on your request within the twenty-day statutory time period. This Office processes requests on a first-in, first-out basis, therefore, this request has been placed in the complex case processing queue. I apologize for the anticipated delay in responding to your request, but due to the complexity of the request this Office is unable to estimate when the processing of this request will be completed. You may wish to consider narrowing your request in order to facilitate a quicker response.

You have also requested that this Office provide "a list or index of the records withheld, the exemption relied upon, an estimate of the volume of records denied, and the reasons why a discretionary release of the records would not be appropriate under DoD implementing regulations and the agency's FOIA policy. *See* 32 C.F.R. § 286.23(e)." I have interpreted this request as one for a *Vaughn* index pursuant to Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973). It is well settled that a requester is not entitled to receive a *Vaughn* index during the administrative process. See Schwarz v. United States Dep't of Treasury, 131 F. Supp.2d 142, 147 (D.D.C. 2000). Accordingly, this request is denied.

You have requested records that would contain medical information; therefore, we will need a completed and signed "Authorization for Disclosure of Information," DA Form 5006 (copy enclosed), from your client. The DA Form 5006 must be received by this Office before we will process this portion of this FOIA request. We will initiate a search for records responsive to the other portions of your client's request, but not for any medical records until we receive a signed DA 5006 from your client. As we have previously received versions of the DA Form 5006 translated into the Arabic language, you should be aware that we require that the DA Form 5006 or a similar document to be written in English.

If you are not satisfied with my action on your request for expedited processing, you may submit an administrative appeal to James Hogan, Chief, Policy, Appeals and Litigation Branch, Office of Freedom of Information, 1155 Defense Pentagon, Washington, D.C. 20301-1155. Your appeal should be postmarked within 60 days of the date of this letter, should cite to case number 08-F-0416, and should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

for Will Kammer
Chief

Enclosure:
As stated

| MEDICAL RECORD | AUTHORIZATION FOR DISCLOSURE OF INFORMATION |
|---|---|
| | For use of this form, see AR 40-66; the proponent agency is Office of The Surgeon General |

This form will not be used for authorization to disclose alcohol or drug abuse patient information from medical records or for authorization to disclose information from records of an alcohol or drug abuse treatment program. For authorization to disclose alcohol or drug abuse patient information, see 42 USC section 20dd, 42 CFR part 2, AR 40-66, and AR 600-85.

(Pursuant to the Privacy Act of 1974, 5 USC section 552a)

PHYSICIAN OR MEDICAL TREATMENT FACILITY AUTHORIZED TO RELEASE INFORMATION

It is understood that this authorization may be revoked at any time, if requested in writing, except to the extent that action will have already been taken.

## PATIENT DATA

NAME  *(Last, First, MI)*                DATE OF BIRTH        SOCIAL SECURITY/IDENTIFICATION NUMBER

PERIOD OF TREATMENT  *(Month, Day, Year)*        TYPE OF TREATMENT

☐ OUTPATIENT    ☐ INPATIENT    ☐ BOTH

RESTRICTIONS ON INFORMATION  *(Specify)*

USE OF MEDICAL INFORMATION

☐ FURTHER MEDICAL CARE    ☐ INSURANCE CLAIM(S)    ☐ ATTORNEY    ☐ DISABILITY DETERMINATION

☐ OTHER  *(Specify)*

## INFORMATION DESTINATION

INDIVIDUAL OR ORGANIZATION TO WHOM INFORMATION SHOULD BE RELEASED  *(Name and Address)*

*(ANY DISCLOSURE OF MEDICAL RECORD INFORMATION BY THE RECIPIENT(S) IS PROHIBITED EXCEPT WHEN IMPLICIT IN THE PURPOSES OF THIS DISCLOSURE)*

## RELEASE AUTHORIZATION

I hereby request and authorize the named physician/medical treatment facility to release the medical information described above to the named individual/organization indicated.        DATE

SIGNATURE OF PATIENT/PARENT/GUARDIAN        RELATIONSHIP TO PATIENT

IMPRINT OF PATIENT IDENTIFICATION PLATE WHEN AVAILABLE

DA FORM 5006-R, OCT 81        USAPA  V1.01