UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOWELL SACHNOFF and ADAM R. CHISS, </br></br>　　　　　　　　Plaintiffs, </br></br>　　　　v. </br></br>UNITED STATES DEPARTMENT OF DEFENSE, </br></br>　　　　　　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

　　　　　　　　　　　　　　　　　　No. 07 CV 6888

　　　　　　　　　　　　　　　　　　Judge Holderman

## ANSWER

　　Defendant United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, answers the first amended complaint as follows:

### FIRST DEFENSE

　　Answering the specific allegations of the first amended complaint, defendant admits, denies or otherwise avers as follows:

　　1.　　This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., seeking an order requiring the Defendant, Department of Defense and its components ("DoD"), to immediately produce agency records requested by the Plaintiffs.

　　**Answer:** Admit.

　　2.　　On March 20, 2007, Plaintiffs submitted a FOIA request to the Defendant. (Exhibit A)

　　**Answer:** Admit.

3. On December 11, 2007, Plaintiffs submitted a new FOIA request to DoD on behalf of Plaintiffs' client Umar Hamzayavich Abdulayev (ISN 257). (Exhibit D)

**Answer:** Admit.

4. Specifically, the FOIA Requests sought "(i) records of how the Detainee Requestors came into the custody of the United States; (ii) records of the Detainee Requestors' treatment since coming into U.S. custody, including records regarding their mental and physical health; and (iii) records of any administrative, legal, or military proceedings involving either or both of the Detainee Requestors, including but not limited to records relating to interrogations and interviews of the Detainee Requestors."(Exhibits A and D)

**Answer:** Admit.

5. In a letter dated March 28, 2007, and described as an "interim response," Defendant denied Messrs. Abu Hijazi and Mouhammad's request for expedited processing because it found that there was no "imminent loss of substantial due process rights and humanitarian need" pursuant to 32 C.F.R. § 286.4(d)(3)(iv). (Exhibit B). Defendant also stated that it "will be unable to make a release determination on your request within the twenty-day statutory time period" and it would be "unable to estimate when the processing of this request will be completed." (*Id.*)

**Answer:** Admit.

6. On December 19, 2007, Defendant similarly denied Mr. Abdulayev's request for expedited processing because it found that there was no "imminent loss of substantial due process rights and humanitarian need" pursuant to 32 C.F.R. § 286.4(d)(3)(iv). (Exhibit E). Defendant also stated that it "will be unable to make a release determination on your request within the twenty-day statutory time period" and it would be "unable to estimate when the processing of this request will be completed." (*Id.*).

**Answer:** Admit.

7. Since Messrs. Abu Hijazi and Mouhammad's FOIA Request was made on March 20, 2007, and since Mr. Abdulayev's FOIA Request was made on December 11, 2007, Defendant, apart from documents produced in this litigation, failed to release even a <u>single</u> record to Plaintiffs (not including records relating to Messrs. Abu Hijazi and Mouhammad that were released as part of this lawsuit in March 2008).

**Answer:** Admit.

8. To enforce Plaintiffs' right to gather information on behalf of the Detainee Requestors, who are otherwise without the ability to access public information and have been and continue to be subjected to abusive practices during their ongoing, indefinite, and illegal imprisonment at Guantanamo, Plaintiffs seek an order requiring Defendant to immediately process the March and December 2007 FOIA Requests and to release all records that have been unlawfully withheld.

**Answer:** Admit that plaintiffs seek an order requiring defendant to immediately process the FOIA Request and to release all records that have been withheld. Deny remaining allegations.

9. This Court has jurisdiction over this action and these parties pursuant to 5 U.S.C. §552(a)(4)(B) and 552(a)(6)(E)(iii). This Court also has jurisdiction over this action pursuant to 5 U.S.C. §§701-06 and 28 U.S.C. §1331.

**Answer:** Admit.

10. Venue lies in this district pursuant to 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. §1391.

**Answer:** Admit.

11. Plaintiffs are attorneys at the law firm of Reed Smith LLP ("Reed Smith"), located at 10 S. Wacker Drive, Chicago, Illinois. They are each licensed to practice law in the State of

Illinois and in this Court, and both reside within this judicial district. Plaintiffs, along with their colleagues at Reed Smith, represent the Detainee Requestors on a *pro bono* basis.

**Answer:** As to sentence 1 of paragraph 11, admit. As to sentence 2 of paragraph 11, defendant is without knowledge or information as to where plaintiffs are licensed to practice law or reside; accordingly it is denied. As to sentence 3 of paragraph 11, defendant is without knowledge or information as to the allegation that plaintiffs' representation of the detainees in question is on a *pro bono* basis; accordingly it is denied.

12. Defendant DoD is a Department of the Executive Branch of the United States Government and is an agency within the meaning of 5 U.S.C. §552(f)(1). Defendant has held each of the three Detainee Requestors in its exclusive custody since 2002, when they each arrived at Guantanamo.

**Answer:** Admit.

13. The first Detainee Requestor, Mr. Abu Hijazi, is a Palestinian man from Khan Yunis, Gaza. Mr. Abu Hijazi has been imprisoned without formal charges in Guantanamo since January 2002, where he has endured harsh conditions, endless interrogations, physical and mental abuse, and prolonged isolation.

**Answer:** As to sentence 1 of paragraph 13, defendant is without knowledge or information as to the specific nationality or citizenship of Detainee Abu Hijazi; accordingly it is denied. As to sentence 2 of paragraph 13, deny.

14. Mr. Abu Hijazi has spent several periods of time in the mental health facility in Guantanamo. While in the mental health facility, he has been administered numerous injections and pills against his will, which have made him feel heavily sedated and experience other uncomfortable states of consciousness. He has also been force-fed by a nasal-gastric tube inserted against his will

during a hunger strike that lasted twenty months in protest of the abusive interrogations he experienced while in defendant's custody.

**Answer:** As to sentence 1, admit. Deny remaining allegations.

15.    The second Detainee Requestor, Mr. Mouhammad, is a Syrian national. Mr. Mouhammad has been imprisoned at Guantanamo since early 2002, where he has enured harsh conditions, endless interrogations, physical and mental abuse, and prolonged isolation.

**Answer:** As to sentence 1 of paragraph 15, defendant is without knowledge or information as to the specific nationality or citizenship of Detainee Mouhammad; accordingly it is denied. As to sentence 2 of paragraph 15, admit Detainee Mouhammad has been at Guantanamo since 2002, deny remaining allegations.

16.    The third Detainee Requestor, Mr. Abdulayev, is a Tajik national who fled his native country of Tajikistan in 1992, when a civil war erupted in the country after the collapse of the Soviet Union. Since he and his family fled Tajikistan when he was thirteen years old, Mr. Abdulayev has lived, with his family, as a refugee in Afghanistan and Pakistan. Mr. Abdulayev has been imprisoned at Guantanamo since 2002, where he too has endured harsh conditions, endless interrogations, physical and mental abuse, and prolonged isolation.

**Answer:** As to sentence 1 of paragraph 16, defendant is without knowledge or information as to the specific nationality or citizenship of Detainee Abdulayev; accordingly it is denied. Deny remaining allegations of sentence 1. As to sentences 2 and 3 of paragraph 16, deny.

17.    Despite close to six years of internment and interrogation, the Detainee Requestors have not been charged with any offense by the United States nor notified of any pending or contemplated charges.

**Answer:** Deny.

18.     The Detainee Requestors have challenged the legality of their ongoing executive detention, as well as the illegitimate findings that each is an "enemy combatant," through (i) the filing of petitions for writs of *habeas corpus* in the United States District Court for the District of Columbia (Mohammon et al. V. Bush et al., D.D.C., No. 05-2386, Dec. 21, 2005, in which each of the three Detainee Requestors are petitioners); and (ii) the filing of petitions with the D.C. Circuit Court of Appeals under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, §§1001-1006, 119 Stat. 2680, 2739-45 (enacted Dec. 20, 2005)("DTA") for immediate release and expedited review of the Combatant Status Review Tribunal ("CSRT") determinations and for other relief. (See Abu Hijazi v. Gates, D.C. Cir., No. 07-1266, July 9, 2007; Mouhammad v. Gates, D.C. Cir., No. 07-1267, July 9, 2007; Abdulayev v. Gates, D.C. Cir. No. 08-1112, Mar. 14, 2008). The Detainee Requestors' petitions for *habeas corpus* and for relief under the DTA all remain pending in the courts.

**Answer:** As to sentence 1 of paragraph 18, deny plaintiffs' characterization of Detainee Requestors' enemy combatant findings as illegitimate. As to the remaining allegations of paragraph 18, admit.

19.     Pursuant to the Freedom of Information Act, on March 20, 2007, Plaintiffs submitted a written request, by overnight delivery, to the DoD Office of Freedom of Information seeking: all records regarding the capture and transport of Messrs. Abu Hijazi and Mouhammad (Exhibit A); records of communications with, interrogations and interviews of Messrs. Abu Hijazi and Mouhammad prior to their transfer to the U.S. Government (id., Req. 3); records of any witness communications about Messrs. Abu Hijazi and Mouhammad (id., Req. 4); records of communications between the U.S. Government and any foreign government concerning Messrs. Abu Hijazi and Mouhammad (id., Req. 5); records concerning all administrative, military or other

proceedings conducted regarding Messrs. Abu Hijazi and Mouhammad (id., Req. 6); records indicating that either Mr. Abu Hijazi or Mr. Mouhammad has been adjudged not to be an enemy combatant (id., Req. 7); records indicating that either Mr. Abu Hijazi or Mr. Mouhammad has been cleared for release or transfer (id., Req. 8); records containing any evidence or assertion that Messrs. Abu Hijazi and Mouhammad are not affiliated with any entity alleged to be a terrorist organization (id., Req. 9); records concerning any physical or psychological abuse of Messrs. Abu Hijazi and Mouhammad while in U.S. custody (id., Req. 10); medical records concerning Messrs. Abu Hijazi and Mouhammad (id., Req. 11); records of interviews with or interrogations of Messrs. Abu Hijazi and Mouhammad (id., Req. 12); records concerning access or attempted access to Messrs. Abu Hijazi and Mouhammad by the Red Cross, or other non-governmental organizations (id., Reqs. 13, 14); records concerning any contact or interaction between military personnel or special forces units and Messrs. Abu Hijazi and Mouhammad (id., Req. 15); records concerning any disciplinary action taken against Guantanamo personnel in connection with Messrs. Abu Hijazi and Mouhammad (id., Req. 16); records concerning information relating to Messrs. Abu Hijazi and Mouhammad supplied by the military or any intelligence officers (id., Reqs. 17, 18); and records concerning statements made by other detainees or terrorist suspects in relation to Messrs. Abu Hijazi and Mouhammad (id., Req. 19).

  **Answer:** Admit.

  20. Plaintiffs' FOIA Request sought expedited processing pursuant to 32 C.F.R. §286.4(d)(3)(iv), which is warranted when there is an "imminent loss of substantial due process rights." Plaintiffs' FOIA Request noted that the denial of Messrs. Abu Hijazi and Mouhammad's substantial due process rights was "not only imminent, but also present and ongoing" in light of their five-year detention at Guantanamo without any formal charges, "during which time they had been

subjected to solitary and isolated confinement, interrogations, and degrading physical and psychological treatment." (Exhibit A).

**Answer:** Admit.

21.     By letter dated March 28, 2007, from Will Kammer, Chief, Office of Freedom of Information and Security Review, DoD, Defense Pentagon, Washington, DC 20301-1155, defendant informed plaintiffs that DoD received the FOIA Request but that DoD was denying plaintiffs' request for expedited processing. The letter, described as an "interim response," did not estimate when the processing of the FOIA Request would be complete due to the "complex" nature of it. (Exhibit B).

**Answer:** Admit.

22.      By letter dated May 8, 2007, from Phyllis D. Holden, Command FOIA Program Officer, U.S. Special Operations Command, MacDill Air Force Base, Florida ("USSOCOM"), a component of DoD, Defendant informed Plaintiffs that it had received the FOIA Request as a "referral from the Department of Defense Office of Freedom of Information for all information on" Messrs. Abu Hijazi and Mouhammad. (Exhibit C). The letter did not estimate when USSOCOM's processing of the FOIA Request would be complete but stated that "it is likely that processing your request will exceed the statutory 20-working day time limit." (Id.)

**Answer:** Admit.

23.     Plaintiffs have not received any further communications from USSOCOM since May 8, 2007.

**Answer:** Admit.

24.     Since the submittal of Plaintiffs' FOIA Request on Marcy 18, 2007, Plaintiff Chiss has had several phone conversations with DoD FOIA "action officers" Aaron Graves and Jeanne

Miller to inquire as to the status of the FOIA Request. In these telephone conversations, neither Mr. Graves nor Ms. Miller has ever been able to provide an estimate for when DoD's substantive response to the FOIA Request would be forthcoming, let alone the timing of DoD's production of any responsive documents. In each of these telephone conversations, Mr. Chiss advised that Plaintiffs would be willing to accept documents on a rolling basis, though none were produced absent the filing of this action.

**Answer:** Admit.

25.  On or about June 11, 2007, Plaintiff Chiss transmitted to FOIA action office Ms. Miller a signed authorization from Mr. Abu Hijazi for the release of his medical records. No medical records for either Mr. Abu Hijazi of Mr. Mouhammad have ever been produced.

**Answer:** Admit.

26.  Plaintiff Chiss spoke with Ms. Miller by telephone on or about August 15, 2007, to follow up yet again on the status of plaintiffs' FOIA request. During that conversation, Mr. Chiss reminded Ms. Miller that Plaintiffs' FOIA Request had been pending, at that point, for nearly six months and that Plaintiffs had submitted Mr. Abu Hijazi's medical records release nearly two months earlier. Ms. Miller advised Mr. Chiss that the FOIA Request was "in the queue" and that the request was "being processed," but that other requests were ahead of it. Ms. Miller advised Mr. Chiss that she "couldn't promise that you'll get the documents anytime soon." When Mr. Chiss advised Ms. Miller that this was unacceptable, and plaintiffs may be forced to file a lawsuit, Ms. Miller said she "understood" and "would probably do the same thing" if she was in plaintiffs' position. Mr. Graves made similar comments to Mr. Chiss on May 29, 2007, when he advised that filing suit might result in a faster determination from DoD than just waiting for the processing of the Request.

**Answer:** Admit.

27. Since Plaintiff Chiss' conversation with Ms. Miller on August 15, 2007, Plaintiffs have received no further information from Defendant or any of its component agencies regarding Plaintiffs' FOIA Request (not including communications Plaintiffs have had with opposing counsel in the U.S. Attorney's office in Chicago as part of this litigation).

**Answer:** Admit.

28. Pursuant to FOIA, on December 11, 2007, plaintiffs submitted a written request, by overnight delivery, to the DoD Office of Freedom of Information on behalf of Mr. Abdulayev. (Exhibit D). The December 11, 2007, FOIA request sought the exact same categories of documents as Plaintiffs' March 20, 2007, FOIA request submitted on behalf of Messrs. Abu Hijazi and Mouhammad. The December FOIA Request also sought expedited processing pursuant to 32 C.F.R. §286(4)(d)(3)(iv).

**Answer:** Admit.

29. On December 19, 2007, Plaintiffs received a letter from the DoD office of Freedom of Information, described as an "interim response" to the December 11th FOIA Request. In the letter, DoD denied the request for expedited processing because it found that there was no "imminent loss of substantial due process rights and humanitarian need" pursuant to 32 C.F.R. §286.4(d)(3)(iv). (Exhibit E). DoD also stated that it "will be unable to make a release determination on your request within the twenty-day statutory time period" and it would be "unable to estimate when the processing of this request will be completed." (Id.)

**Answer:** Admit.

30.     On April 1, 2008, Ms. Jeanne Miller, the FOIA action officer assigned to Mr. Abdulayev's FOIA Request, called Plaintiff Chiss. During that phone call, Ms. Miller informed Mr. Chiss that she could not give an estimate as to when DoD would respond to the December 11th FOIA Request or produce responsive documents.

**Answer:** Admit.

31.     As of the date of this First Amended Complaint, defendant still has not provided an initial determination in response to Messrs. Abu Hijazi and Mouhammad's FOIA Request, which was made more than twelve and a half months ago.

**Answer:** Deny.

32.     As of the date of this First Amended Complaint, defendant still has not provided an initial determination in response to Mr. Abdulayev's FOIA Request, which was submitted more than four months ago.

**Answer:** Admit.

33.     As of the date of this First Amended Complaint, defendant has neither requested from plaintiffs any extensions of time nor indicated an anticipated date for a complete response to plaintiffs' FOIA Requests.

**Answer:** Deny.

34.     As of the date of this Amended Complaint, defendant has produced no documents pursuant to Mr. Abdulayev's FOIA Request. Only as a result of the filing of the original Complaint, defendant has produced some, but not all, responsive documents to Messrs. Abu Hijazi and Mouhammad's FOIA Request.

**Answer:** Admit.

35. By failing to respond substantively to any of plaintiffs' requests within the statutory twenty-day period, Defendant has constructively denied those requests.

**Answer:** Deny.

36. Based on defendant's delay in responding to Plaintiffs' FOIA Requests, and its failure to provide updates to plaintiffs, it would be futile for plaintiffs to file administrative appeals or to wait additional time to receive a substantive response from defendant.

**Answer:** Deny.

37. Defendant has wrongfully withheld the requested records from Plaintiffs.

**Answer:** Deny.

38. Plaintiffs incorporate the allegations set forth in paragraphs 1 through 37 as if set forth fully herein.

**Answer:** Defendant repeats and incorporates by reference its responses to paragraphs 1 through 37 of the complaint.

39. Because defendant has failed to provide an initial determination within the applicable time limit, plaintiffs are deemed to have exhausted their administrative remedies pursuant to 5. U.S.C. §552(a)(6)(C)(i).

**Answer:** Deny.

40. Pursuant to 5 U.S.C. §552(a)(3), plaintiffs have a right of access to the information and documents requested in their FOIA Request.

**Answer:** Deny.

41. Defendant has no legal basis for refusing to disclose this information and these documents to plaintiffs. Defendant has unlawfully withheld the records requested by Plaintiffs.

**Answer:** Deny.

WHEREFORE, the United States requests that the case be dismissed with costs and that the court award such further relief as may be appropriate.

                                        Respectfully submitted,

                                        PATRICK J. FITZGERALD
                                        United States Attorney

                                        By:  s/ Harpreet K. Chahal
                                            HARPREET K. CHAHAL
                                            Assistant United States Attorney
                                            219 South Dearborn Street
                                            Chicago, Illinois 60604
                                            (312) 353-1996
                                            harpreet.chahal@usdoj.gov

Dated: May 27, 2008